**Arthur F. BURHOE, Plaintiff,**

v.

**Garrett BYRNE, as he is District Attorney For the Suffolk District of the Commonwealth of Massachusetts, Defendant.**

**Civ. A. No. 68–326–C.**

United States District Court
D. Massachusetts.

June 6, 1968.

David Berman, Zamparelli & White, Medford, Mass., for plaintiff.

Howard M. Miller, Asst. Atty. Gen., Chief of Appellate Section Dept. of the Atty. General, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action in which plaintiff, a resident of Boston, seeks the appointment of a three-judge panel in order to obtain both temporary and permanent injunctive relief. The relief sought is an order prohibiting defendant from seeking an indictment or prosecuting him on the basis of facts alleged in the complaint, on the grounds that such a State prosecution would be violative of the Fifth and the Fourteenth Amendments to the United States Constitution.

It is alleged in the complaint that on March 15, 1968, a complaint charging plaintiff with receiving cases of assorted liquors knowing the same to have been stolen, and a complaint charging plaintiff with receiving a truck knowing it to have been stolen, were issued by the Clerk of the Municipal Court of the Charlestown District of Boston; that on March 20 he was arrested and charged with the crimes stated in said complaints; and that he retained counsel and was arraigned in Municipal Court where he pleaded not guilty to both charges and was released on bail. Trial was scheduled for April 5, then continued to April 9 on the motion of a co-defendant. On April 9, when the complaints were called, counsel for plaintiff presented a motion to suppress evidence which was heard and denied, four witnesses were sworn and testified, at which time the presiding justice, over an objection from counsel for plaintiff, declared that he would not hear further evidence and would bind plaintiff over to the Superior Court, on the basis of Mass.G.L. c. 218, sec. 30.

Plaintiff alleges on information and belief that defendant intends to seek an indictment against him from a Suffolk County grand jury and further alleges irreparable harm if indicted and prosecuted.

Defendant filed an answer and a motion to dismiss on the ground that the complaint fails to state a claim upon which the relief sought can be granted. A hearing was held on this motion and a memorandum of law was filed by defendant in support of the motion.

In its opinion in Dombrowski v. Pfister, 380 U.S. 479, at p. 483, 85 S.Ct. 1116, at p. 120, 14 L.Ed.2d 22 (1965), the Supreme Court stated:

"In Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, the fountainhead of federal injunctions against state prosecutions, the Court characterized the power and its proper exercise in broad terms: it would be justified where state officers ' * * * threaten and are about to commence proceedings, either of a civil or a criminal nature, to enforce against parties affected an unconstitutional act violating the Federal Constitution * *' 209 U.S., at 156, 28 S.Ct. 441. Since that decision, however, considerations of federalism have tempered the exercise of equitable power, for the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework. It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings. In Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, for example, the Court upheld a district court's refusal to enjoin application of a city ordinance to religious solicitation, even though the ordinance was that very day held unconstitutional as so applied on review of a criminal conviction under it * * And in a variety of other contexts the Court has found no special circumstances to warrant cutting short the normal adjudication of constitutional defenses in the course of a criminal prosecution. In such cases it does not appear that the plaintiffs 'have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court.' "

Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, was cited with approval by the Supreme Court as recently as April 22, 1968, in Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 1339, 20 L.Ed.2d 182, where it pointed out:

"*Dombrowski* recognized, 380 U.S., at 483–485, 85 S.Ct. at 1119–1120 the continuing validity of the maxim that a federal district court should be slow to act 'where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court.' Douglas v. City of Jeannette, 319 U.S. 157, 162, 63 S.Ct. 877, 87 L.Ed. 1324; see Zwickler v. Koota, 389 U.S. 241, at 253, 88 S.Ct. 391, 19 L.Ed. 2d 444. Federal interference with a State's good-faith administration of its criminal laws 'is peculiarly inconsistent with our federal framework' and a showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction. 380 U.S. at 484, 85 S.Ct. 1116."

■■ I rule that the allegations of the instant complaint, taken as true for purposes of the motion to dismiss, sounding the alarm, as they do, against the still "iffy" possibility of an indictment

of plaintiff by a Massachusetts grand jury, which possibility is alleged herein only as a matter of information and belief, do not present, at least at this time, a substantial federal question, and that consequently the instant case is not a proper case for the convening of a three-judge court. In Idlewild Liquor Corporation v. Epstein, 370 U.S. 713, at 715, 82 S.Ct. 1294, at 1296, 8 L.Ed.2d 794 (1962), the Supreme Court pointed out:

"* * * an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute."

I further rule that there has been no allegation or showing of either irreparable harm or special circumstances herein, of a nature to justify the extraordinary remedy of an injunction, absent which there is no occasion to request the Chief Judge of this Circuit to convene a three-judge court to consider the constitutionality of the Mass.G.L. alleged to be the foundation of a possible future prosecution of the plaintiff.

Order accordingly.