**Arthur F. BURHOE, Plaintiff,**

**v.**

**Garrett BYRNE, as he is District Attorney for the Suffolk District of the Commonwealth of Massachusetts, Defendant.**

**Civ. A. No. 68–540.**

United States District Court
D. Massachusetts.

Sept. 6, 1968.

David Berman, Zamparelli & White, Medford, Mass., for plaintiff.

Howard M. Miller, Asst. Atty. Gen., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

JULIAN, District Judge.

This is a civil action in which plaintiff requests that a three-judge district court be empanelled. 28 U.S.C. §§ 2281, 2284. Plaintiff seeks both an interlocutory and a permanent injunction restraining defendant from prosecuting plaintiff under a criminal indictment now pending in Suffolk County Superior Court. The gist of the complaint is the contention that such a prosecution would constitute double jeopardy and that, accordingly, the State statute which authorizes such a prosecution, M.G.L. c. 218, § 30, is unconstitutional under the Fifth and Fourteenth amendments to the Constitution of the United States.

The present complaint is substantially identical to that previously filed in an earlier case before a different judge of this Court,[1] with one difference to be discussed below.

In both cases plaintiff alleged that on March 15, 1968, the Clerk of the Municipal Court of the Charlestown District of Boston issued two criminal complaints charging plaintiff with having received, respectively, 205 cases of assorted liquors and a truck, knowing the same to have been stolen; that the facts alleged in the complaints were sufficient under Massachusetts law to charge crimes (M. G.L. c. 266, § 60); that on or about March 20, 1968, plaintiff was arrested and charged with the crimes stated in the complaints; that he retained counsel; that he was arraigned in Municipal

1. Burhoe v. Byrne, C.A.No. 68–326–C, reported at 285 F.Supp. 382.

Court, where he pleaded not guilty; and that he was released on bail.

Plaintiff further alleges here, as he did in the earlier case in this Court, that after one continuance trial in Municipal Court was scheduled for April 9, 1968, on which date plaintiff appeared with counsel ready for trial; that the complaints were called for trial on that date; that plaintiff through counsel presented a motion to suppress evidence which the court heard and denied; that the court proceeded to swear witnesses and to hear evidence against plaintiff; and that, after four witnesses had testified, the Municipal Court judge declared over objection that he would hear no further evidence but would instead bind plaintiff over to the Superior Court, meaning and intending to mean that he found probable cause for the plaintiff to be indicted by a grand jury and that plaintiff could be so indicted. Plaintiff also alleged in both cases in this Court that the Municipal Court had jurisdiction to try the complaints and that the evidence presented was sufficient to show that the crimes charged were committed within the Municipal Court's territorial jurisdiction.

In the earlier edition of this case in this Court plaintiff alleged, on the basis of "information and belief," that defendant intended to seek an indictment against him for the same offenses from a Suffolk County grand jury. The single judge dismissed the complaint in that earlier case for failure to raise issues which were appropriate for consideration by a three-judge court, since

> "the allegations * * * taken as true * * * sounding the alarm, as they do, against the still 'iffy' possibility of an indictment of plaintiff by a Massachusetts grand jury, which possibility is alleged herein only as a matter of information and belief, do not present, at least at this time, a substantial federal question."

2. The pleadings here reveal that the indictment was returned on May 6, 1968. Yet it is clear from the opinion in the earlier case that the judge there was not ad-

Burhoe v. Byrne, 1968, D.Mass., 285 F. Supp. 382, at 384–385.

Plaintiff has now returned with the instant complaint, alleging additionally that on May 6, 1968, he was in fact indicted by a Suffolk County grand jury of the same offenses charged in the Municipal Court complaints, and that defendant is now prosecuting plaintiff on that indictment.

Plaintiff alleges here that, if the pending prosecution is not enjoined, he will suffer irreparable damage in that he will be put to great expense, time, and inconvenience to defend himself and in that he will be exposed to shame, "obloquy" [sic] and degradation. He also alleges that, whereas the maximum sentence which the Municipal Court could have imposed on each complaint was two years in a house of correction, the Superior Court can sentence him to a term of five years in a prison.

■ As the Supreme Court noted in Idlewild Bon Voyage Liquor Corporation v. Epstein, 1962, 370 U.S. 713, at 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794, when

> "an application for a statutory three-judge court is addressed to a district court, the [single judge's] inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute."

In dismissing the earlier case the single judge ruled that that complaint raised no substantial federal question because plaintiff had not yet been indicted in the Superior Court. Assuming, without deciding, the truth of the present allegation that plaintiff *has* now been indicted,[2] the reason cited in the earlier case is now moot.

vised of that fact prior to the issuance of his opinion on June 6, 1968. Why he was not so informed does not appear.

Nonetheless, the present complaint still does not raise a substantial federal question. The State procedure under which the Municipal Court "bound over" the plaintiff for indictment and trial in the Superior Court grants to the Municipal Court

> "a discretionary power either to hear and determine the complaint brought before [it], exercising in that event a final jurisdiction (except as a defendant, if convicted, may choose to appeal to a higher court), or to bind the defendant over for trial in the superior court. * * * Ordinarily the discretion cannot be exercised wisely until at least the incriminating evidence has been heard."

Commonwealth v. Rice, 1914, 216 Mass. 480, 481–482, 104 N.E. 347, 349. By choosing the latter alternative and binding the plaintiff over to the Superior Court, the Municipal Court declined to assume final jurisdiction of the case. The proceedings in the Municipal Court, accordingly, were but a preliminary stage of a continuous proceeding, now transferred to and pending in the Superior Court.

Once he had been bound over to the Superior Court, plaintiff had the option of either waiving indictment or not. Had he waived indictment as permitted by M.G.L. c. 263, § 4A (which refers specifically to cases bound over under M.G.L. c. 218, § 30), the District Attorney with court approval might have proceeded against him on the complaint. Since plaintiff did not waive indictment, however, M.G.L. c. 263, § 4 required that he be indicted before the case proceeded further in Superior Court. This did not, however, alter the inchoate nature of the proceedings in Municipal Court.

I rule that plaintiff's claim of double jeopardy is frivolous and raises no substantial federal question. There is therefore no occasion to convene a three-judge district court, and the complaint should be dismissed. 28 U.S.C. § 2281.

The single judge before whom plaintiff's earlier case was heard also based the dismissal there on the alternative ground that there was "no allegation or showing of either irreparable harm or special circumstances * * * of a nature to justify the extraordinary remedy of an injunction * * *." Burhoe v. Byrne, supra, 285 F.Supp. at 385.

I find nothing in the present complaint to merit a different conclusion. As the Supreme Court observed in Cameron v. Johnson, 1968, 390 U.S. 611, at 618, 88 S.Ct. 1335, at 1339, 20 L.Ed. 2d 182:

> "[A] showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction."

Accord, Dombrowski v. Pfister, 1965, 380 U.S. 479, 484–485, 85 S.Ct. 1116, 14 L. Ed.2d 22; Douglas v. City of Jeannette, 1943, 319 U.S. 157, 164, 63 S.Ct. 877, 87 L.Ed. 1324. No such "special circumstances" are alleged in this case. The complaint thus raises no issues appropriate for the convening of a three-judge court. Accordingly, the complaint should be, and it is hereby ordered, dismissed.