COMMONWEALTH *vs.* STEVEN CROSBY.

Suffolk.    October 12, 1978. — November 20, 1978.

Present: HALE, C.J., ROSE, & BROWN, JJ..

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Probable
cause hearing, Binding over for trial, Double jeopardy.

Where it appeared from the tape recording of a proceeding in the
Municipal Court of the City of Boston on a complaint charging the
defendant with receiving stolen goods that the judge did not make
an announcement as to the nature of the proceeding and that there
was a trial on the merits of the case, the defendant was placed in
jeopardy at that proceeding and could not thereafter be tried in the
Superior Court on an indictment charging him with the same of-
fense. [680–683]

INDICTMENT found and returned in the Superior Court
on May 6, 1977.

A motion to dismiss the indictment was heard by *Grif-
fin,* J., and the case was heard by *Mazzone,* J.

*J. Russell Hodgdon* for the defendant.

*Mark T. Anastasi,* Special Assistant District Attorney,
for the Commonwealth.

HALE, C.J. On April 26, 1977, following the issuance of
a complaint charging the defendant with receiving stolen
goods, a proceeding was conducted in the Municipal
Court of the City of Boston (BMC) during which the judge
declined jurisdiction, bound the defendant over to the
grand jury, and suggested that an indictment for break-
ing and entering be sought. An indictment which charged
the defendant with receiving stolen goods was returned.
The defendant filed a motion to dismiss that indictment
in the Superior Court, contending that he had already
been placed in jeopardy at the proceeding in the BMC.
The motion was denied, and on January 27, 1978, the

defendant was convicted by another judge sitting without a jury. The defendant has argued only his assignment of error concerning the denial of the motion to dismiss.

At the heart of this appeal is the character of the proceeding in the BMC. We shall therefore discuss in some detail that proceeding as it has been made known to us by the BMC tape recording, the transcript of the hearing on the motion to dismiss, and the Superior Court judge's findings of fact.

The tape of the BMC proceeding reveals that the case was called, that the arresting officer was sworn as a witness, and that the clerk then said to the court, "as to sufficient facts, Your Honor." After the witness testified to the events surrounding the defendant's arrest, defense counsel asked him two questions; i.e., whether there had been any damage to the goods and whether the defendant had given him any trouble at the time of arrest. Both questions were answered in the negative.

The judge then asked the prosecutor why the defendant had not been charged with breaking and entering. When the prosecutor informed him that the case was "not screened for the district court," the judge responded, "Maybe it's not screened, but I think that when it goes upstairs, maybe, if it does, you ought to screen it and . . . it's a definite breaking and entering." Upon hearing from defense counsel that he had nothing else in the case aside from the testimony of an expert as to the defendant's acceptability as a candidate for the court resource program, the judge stated that he would hold the case for "disposition."

After a break in the proceedings, defense counsel indicated that he could not locate his expert witness and that his "inclination [was] to request a continuance until tomorrow for disposition." The judge then indicated that he "would be glad to help [the defendant]" if he would reveal the name of the person from whom he claimed he had innocently received the stolen goods. After some further colloquy the judge indicated for the first time that he was

"thinking" of declining jurisdiction. Defense counsel urged the judge to consider the defendant's prior record in determining what the disposition should be. After defense counsel stated that the defendant did not know the name of the person, the judge declined jurisdiction and referred the case to the grand jury. The defendant objected to this action.

At the hearing on the motion to dismiss, the assistant district attorney who had presented the case in the BMC testified that after looking at his case file, he recalled plea bargaining with defense counsel and the defendant's willingness to admit to sufficient facts. The file jacket showed that he had entered the notations "guilty," "jurisdiction declined on judge's motion, b/o to Grand Jury," and "judge requested D.A. to consider B and E indictment, too." Although he testified that it was his general practice to move for a hearing on probable cause where the District and Superior Courts had concurrent jurisdiction, he had no recollection of so moving on this occasion.

After listening to the tape and testimony described above, the Superior Court judge found that the proceeding in the BMC was a probable cause hearing and denied the motion to dismiss. She also made a finding that there had been no announcement by the BMC judge as to whether the proceeding was a probable cause hearing or a trial.

It is clear that if the characterization of the BMC proceeding as a probable cause hearing was correct, there was no error in denying the defendant's motion to dismiss on double jeopardy grounds. Jeopardy does not attach at a preliminary hearing to determine probable cause. *Commonwealth* v. *Mahoney*, 331 Mass. 510, 511–512 (1954). *Commonwealth* v. *Britt*, 362 Mass. 325, 330 (1972). Where, as here, the BMC judge had before him a valid complaint charging the defendant with a crime within the final jurisdiction of the BMC (G. L. c. 218, §§ 1, 26; G. L. c. 266, § 60), he was required to announce whether he was conducting a probable cause hearing or a full trial

on the merits before the hearing commenced. *Corey* v. *Commonwealth*, 364 Mass. 137, 141–142 n.7 (1973). *Commonwealth* v. *Clemmons*, 370 Mass. 288, 290–291 (1976). See also *A Juvenile, petitioner,* 364 Mass. 531, 542 n.11 (1974); *Stokes* v. *Commonwealth,* 368 Mass. 754, 763 (1975). Contrast *Burhoe* v. *Byrne,* 289 F. Supp. 408, 410 (1968).

Because the BMC tape has inaudible portions it is impossible to determine from that source alone what transpired at the very start of the proceeding. The assistant district attorney could not recall whether he had moved for probable cause as was his usual custom.

There was, however, an indication given by the clerk as to the nature of the proceeding when he stated that the case was "as to sufficient facts." When sufficient facts to warrant a finding of guilt are admitted, the court usually hears enough evidence to assure itself of the probable guilt of the defendant. The court thereupon makes a finding of guilt and enters a judgment of conviction. Under this procedure the defendant preserves his right to a trial de novo in the Superior Court on appeal. *Ludwig* v. *Massachusetts,* 427 U.S. 618, 621 (1976). A binding over to the grand jury is not contemplated. See Smith, Criminal Practice and Procedure § 754 (1970). The conduct of counsel during the proceeding was consistent with the procedure of admitting to sufficient facts. The assistant district attorney's file notations and the fact of his calling only one witness to testify, and defense counsel's questioning of the witness, and remarks about the defendant's prior record, coupled with defense counsel's stated interest in securing testimony as to the defendant's acceptability for a court resource program, indicate that counsel on both sides were proceeding toward a final disposition of the case.

We do not agree with the Commonwealth that the BMC judge gave an indication that he was declining jurisdiction sufficient to put this case beyond the reach of *Clemmons.* See G. L. c. 218, § 30. At one point the judge stated

that he would hold the case for "disposition." At another, he referred to the case as going "upstairs, maybe" and declared he was "thinking" of declining jurisdiction. Later he offered to help the defendant if certain information should be provided. Only at the conclusion of the proceeding did the judge unambiguously manifest his intention to decline jurisdiction.

By looking at the conduct of the various participants in the BMC proceeding and at the testimony presented at the hearing in Superior Court, we are able to conclude, as did the Superior Court judge, that the BMC judge did not make an announcement as to the nature of the proceeding. Accordingly, we infer that there was a trial on the merits. *Commonwealth* v. *Clemmons, supra* at 291.

We hold that jeopardy attached and that the defendant was twice placed in jeopardy for the same offense. *Commonwealth* v. *Hart*, 149 Mass. 7, 9 (1889). *Serfass* v. *United States*, 420 U.S. 377, 388 (1975). In the circumstances of this case no question of "manifest necessity" or the "ends of public justice" arises. See *Commonwealth* v. *Clemmons, supra* at 292. *Illinois* v. *Somerville*, 410 U.S. 458, 468 (1973). See *Arizona* v. *Washington*, 434 U.S. 497, 505–509 (1978).

Accordingly, the judgment must be reversed and the finding of guilty set aside. The case is remanded to the Superior Court Department for dismissal of Suffolk County Indictment No. 09871.

*So ordered.*