COMMONWEALTH vs. CHARLES V. MESROBIAN.

Middlesex.  May 19, 1980. — July 30, 1980.

Present: BROWN, GREANEY, & PERRETTA, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Probable
cause hearing, Double jeopardy.

Where the judge at a trial in a District Court on complaints within the
final jurisdiction of the District Court failed to state unambiguously
his intention to decline jurisdiction on any of the charges at the outset
of the proceeding and where it clearly appeared that the proceeding
was a hearing on the merits, the Commonwealth was precluded on
double jeopardy grounds from retrying the defendant in the Superior
Court on indictments on the same charges.  [356-358]

INDICTMENTS found and returned in the Superior Court
Department on June 14, 1979.

A motion to dismiss was heard by *Irwin,* J.

*Kevin C. McLean,* Special Assistant District Attorney, for
the Commonwealth.

*Michael A. Lappin* for the defendant.

BROWN, J.  On May 10, 1979, the defendant appeared
with counsel for trial in a District Court on complaints charg-
ing him with carrying a firearm (a handgun) under his con-
trol in a vehicle without being properly licensed, unlawful
possession of a hypodermic syringe, receiving stolen proper-
ty (the handgun) and larceny under $100.  All of these of-
fenses were within the final jurisdiction of the District
Court. After a hearing, the District Court judge allowed the
defendant's motion to suppress and dismissed three of the
charges.  The judge found probable cause on the fourth
charge, larceny under $100, and bound over the defendant
to the Superior Court.

The defendant was thereafter indicted in the Superior
Court on all four charges.  The defendant filed a motion to

dismiss the four indictments, claiming that he had previously been placed in jeopardy by virtue of the District Court proceedings. On November 20, 1979, the Superior Court judge allowed the motion to dismiss, from which ruling the Commonwealth now appeals.

The pertinent facts may be summarized briefly. On February 21, 1979, the Concord police received a complaint regarding a stolen tennis racquet, along with a description of the person and the vehicle involved. Shortly thereafter the police observed the defendant's vehicle[1] and discovered a tennis racquet, matching the description given, in the rear seat.

The defendant was placed under arrest and taken to the Concord police station. The defendant's vehicle was also towed to the station, whereupon an "inventory search" was conducted. As a result of the search, the police discovered the handgun and the hypodermic syringe.

The Commonwealth argues that the allowance of the defendant's motion to dismiss was error because the defendant was not twice placed in jeopardy for the same offenses. We disagree.

We agree with the result and reasoning of the Superior Court judge and concur in his finding that the District Court judge did not indicate at the outset, as he was required to do, whether the hearing was a trial on the merits or was merely for the purpose of determining probable cause. If we were to accept the Commonwealth's characterization of the proceedings in the District Court, we would be creating a hybrid process, one neither to determine probable cause nor to decide the merits.[2] See *Corey* v. *Commonwealth,* 364 *Mass.* 137, 141-142 n.7 (1973); *Commonwealth* v. *Clemmons,* 370 Mass. 288, 290-291 (1976).

---

[1] It is not clear from the transcript or briefs whether the defendant had stopped his car on his own accord or had been stopped by the police.

[2] In these circumstances there was no way for the defendant to know beforehand what the nature of the proceeding was. Cf. *Commonwealth* v. *Clemmons,* 370 Mass. 288, 291 n.2 (1976). It would also seem that fundamental fairness dictates that the Commonwealth ought to be required to state unequivocally at the outset of the hearing its intention.

It is well settled that, in order for jeopardy to attach, a trial on the merits must have begun. *Id.* It is equally clear that a District Court judge is now "required to announce whether he [is] conducting a probable cause hearing or a full trial on the merits before the hearing commence[s]." *Commonwealth* v. *Crosby*, 6 Mass. App. Ct. 679, 681-682 (1978), citing *Corey* v. *Commonwealth, supra,* and *Commonwealth* v. *Clemmons, supra.* Where there is no indication at the outset that the judge was considering declining jurisdiction, "we must infer that the judge intended to exercise jurisdiction." *Commonwealth* v. *Clemmons*, 370 Mass. at 291.

Although the District Court judge in the present case announced that he would dismiss three of the charges and decline jurisdiction on the larceny charge, it was not until the conclusion of the proceedings that he so indicated. A judge must at the outset "unambiguously manifest his intention to decline jurisdiction." *Commonwealth* v. *Crosby, supra* at 683. On this record, there was no "indication that the [District Court judge] was declining jurisdiction sufficient to put this case beyond the reach of *Clemmons*." *Id.* at 682.

In addition to the District Court judge's failure to state unambiguously his intention to decline jurisdiction, it can be readily inferred from the conduct of the judge and both counsel in the course of the proceedings that the District Court had retained jurisdiction,[3] that what might have appeared to be a suppression hearing was in fact from the outset a hearing on the merits combined with a hearing on the motion to suppress,[4] and that there was no present intention to transfer the case to the Superior Court. At one point, the assistant district attorney responded in the affirmative to

---

[3] It is evident from the transcript of the hearing that it was understood that the evidence on the motion to suppress would be used by the judge on the merits.

[4] In this respect it can be observed that the judge found probable cause on the larceny complaint — the only one of the four charges which was not the subject of the motion to suppress.

the judge's direct and specific question whether he should "take jurisdiction." Examples of other record evidence are that (1) the assistant district attorney indicated in open court at the outset of the hearing that this is not "a Superior Court case"; (2) both counsel agreed that the motion would be dispositive of the case;[5] and (3) the judge held an evidentiary hearing at the conclusion of which he dismissed three of the complaints.[6] This and other conduct of the participants[7] in the District Court proceedings is consistent with the conclusion that the proceeding was a hearing on the merits. It is disingenuous for the Commonwealth to denominate otherwise such a hearing. Accordingly, because the District Court judge had begun to hear evidence before announcing the nature of the proceeding, we conclude that there was a trial on the merits. *Commonwealth* v. *Crosby*, 6 Mass. App. Ct. at 683. *Commonwealth* v. *Clemmons*, 370 Mass. at 291. See also *Serfass* v. *United States*, 420 U.S. 377, 388 (1975).

In sum, we agree with the Superior Court judge that jeopardy attached at the District Court proceeding and that the defendant, if put to trial anew, would be twice placed in jeopardy for the same offenses. *Commonwealth* v. *Crosby, supra. Serfass* v. *United States, supra.*

No question of "manifest necessity" or the "ends of public justice" is presented by the circumstances here. *Commonwealth* v. *Crosby, supra.* See *Illinois* v. *Somerville*, 410 U.S. 458, 459 (1973); *Commonwealth* v. *Clemmons, supra* at 292.

---

[5] Deciding as we do that the District Court judge retained jurisdiction, it is not necessary to determine the effect of the prosecutor's and defense counsel's presenting to a trier of fact in a court of competent jurisdiction an issue both acknowledged to be determinative of the case.

[6] Not only would it have been less confusing, but the appropriate action for the District Court judge to have taken at this juncture would have been to enter findings of not guilty on these three complaints.

[7] At the Superior Court hearing the assistant district attorney described the prosecutor's conduct during the course of the District Court proceedings as "a bit serpentine."

As we have decided this case on double jeopardy grounds, we need not reach the defendant's due process claim. However, it cannot be gainsaid that it would not be fair for the Commonwealth to play "heads I win, tails you lose" with defendants in such circumstances. See note 2, *supra*.

*Order dismissing indictments*
*affirmed.*