COMMONWEALTH vs. ROBERT J. DEFURIA.

Norfolk. May 5, 1987. — July 13, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Constitutional Law*, Double jeopardy. *Practice, Criminal*, Probable cause hearing, Double jeopardy, Admission to sufficient facts to warrant a finding.

Trial of indictments in the Superior Court was not barred on double jeopardy principles by a prior District Court proceeding with respect to the same charges, even though the judge made a procedural error in that he did not announce that he was declining jurisdiction and binding the case over to the grand jury until after the prosecutor had read a statement of facts and given a joint recommendation, where no witness was sworn in the District Court and the judge heard no evidence. [487-489]

INDICTMENTS found and returned in the Superior Court Department on July 8, 1985.

The cases were heard by *John Paul Sullivan*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Patricia A. O'Neill*, Committee for Public Counsel Services, for the defendant.

*Charles J. Hely*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After a jury-waived trial, the defendant was convicted on ten indictments charging larceny of more than $100 and on ten indictments charging uttering a forged or altered instrument. G. L. c. 266, § 30 (1984 ed.). G. L. c. 267, § 5 (1984 ed.). The sole issue on appeal is whether, based on principles of double jeopardy, the District Court proceeding in this case bars the Superior Court trial. We transferred the case to this court on our own motion. We conclude that in the circumstances of this case, double jeopardy principles do not bar the Superior Court trial. Thus, we affirm the convictions.

There is no dispute as to the facts. The parties stipulated as follows: On May 24, 1985, the defendant appeared in the District Court because his cases were called for a conference. After the conference, the parties reported to the judge that there would be an admission to sufficient facts to warrant findings of guilty. The assistant district attorney also told the judge that there would be a joint recommendation. The assistant district attorney read a recitation of the facts of the case and made the joint recommendation to the judge. The judge looked at the defendant's record and reviewed the letters submitted on the defendant's behalf regarding the sentence. The judge then announced that he declined jurisdiction based on the defendant's record and that he would treat the admission to sufficient facts as a probable cause hearing. Although the assistant district attorney had not moved for a probable cause hearing, and neither the judge nor the clerk announced that the proceeding was a probable cause hearing, the judge bound the case over to the grand jury.[1] See G. L. c. 218, § 30 (1984 ed.).

After the indictments were returned, the defendant filed a motion to dismiss them based on double jeopardy principles. The defendant claimed that the recitation of facts by the assistant district attorney without the judge's announcing that he was holding a probable cause hearing requires a conclusion that the District Court retained jurisdiction and that the proceeding in fact was tantamount to a trial on the merits. Thus, he reasoned that jeopardy attached, and the indictments should be dismissed. The Superior Court judge denied the defendant's motion. The defendant then waived a trial by jury. The Superior Court judge found the defendant guilty on all the indictments. The defendant concedes that there was sufficient evidence to warrant the convictions.

---

[1] The defendant did not object to the judge's decision to bind him over without a proper probable cause hearing. On appeal, he does not argue that he was entitled to a probable cause hearing. See *Lataille* v. *District Court of E. Hampden*, 366 Mass. 525, 531 (1974). Issues not argued are deemed waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975); *Commonwealth* v. *Cundriff*, 382 Mass. 137, 151 n.22 (1980), cert. denied, 451 U.S. 973 (1981).

The issue is whether the proceeding in the District Court was a trial to which jeopardy attached so as to bar the trial in the Superior Court on the subsequent indictments. "[J]eopardy does not attach . . . until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'" *Serfass* v. *United States*, 420 U.S. 377, 388 (1975), quoting *United States* v. *Jorn*, 400 U.S. 470, 479 (1971). In nonjury trials, jeopardy does not attach until the first witness is sworn. *Crist* v. *Bretz*, 437 U.S. 28, 37 n.15 (1978). See *Serfass, supra.*

In the instant case, jeopardy did not attach in the District Court because no witness was sworn. The assistant district attorney's reading of the statement of agreed facts and a joint recommendation is not the equivalent of swearing a witness. The proceeding in the District Court thus "[was] but a preliminary stage of a continuous proceeding." *Burhoe* v. *Byrne*, 289 F. Supp. 408, 411 (D. Mass. 1968). See *Commonwealth* v. *Friend*, 393 Mass. 310, 314 (1984); *Commonwealth* v. *Britt*, 362 Mass. 325, 330 (1972).

The defendant contends that "[a]n admission to sufficient facts in the bench session of the district court to a complaint within the jurisdiction of the court is a trial." In support of his argument the defendant points to Standard 2:01, Standards of Judicial Practice: Trials and Probable Cause Hearings in the District Court Department (Nov. 1981), set out in the margin.[2] On the facts of the instant case, it is clear that the proceeding did not constitute a trial. The case was not on the list for trial or for a probable cause hearing. The judge did not hear evi-

---

[2] Standard 2:01 provides: "When a defendant 'admits facts sufficient to warrant a finding of guilty,' the court should proceed as with any other criminal case in which a plea of not guilty has been entered. Though the defendant will not oppose the prosecution's case, the proceedings constitute a trial. Guilt must be proven by the prosecution to the court's satisfaction beyond a reasonable doubt. However, a minimal amount of evidence is adequate and hearsay evidence is acceptable." The commentary to the Standard 2:01 states that, "when a defendant pleads not guilty and 'admits sufficient facts,' the proceedings are not fundamentally different from a contested trial. The prosecution must present evidence and, for a conviction, that evidence must show beyond a reasonable doubt that the defendant is guilty as charged, even though the evidence is not contested by the defendant."

dence. The judge only heard the assistant district attorney read a statement of agreed facts and joint recommendation. Although, "[w]hen a defendant admits to sufficient facts, it is contemplated that at least one prosecution witness will be sworn who will testify to the factual basis for the finding of guilt," Reporters' Notes to Mass. R. Crim. P. 12, Mass. Ann. Laws, Rules of Criminal Procedure at 203 (1979), in this case that procedure was not followed. The case did not "proceed as . . . any other criminal case in which a plea of not guilty has been entered." Standard 2:01. As a result, jeopardy did not attach.

The Commonwealth concedes that the judge erred in the procedure used to establish probable cause and bind over the defendant. See G. L. c. 218, § 30. That error does not compel the conclusion that jeopardy attached. Counsel were reporting the results of their conference to the judge. The judge had the authority to reject that recommendation. If the defendant wanted a probable cause hearing after the recommendation was rejected, he could have moved for such a hearing. He did not do so. See *supra,* note 1.

If the defendant's argument were to be adopted, then, at the time the report of conference is made, the judge, without more, may not even hear the results of the conference without announcing whether the proceedings are a probable cause hearing or a trial on the merits. Further, if we were to adopt the defendant's suggestion, then the judge effectively would be removed from the decision whether to retain jurisdiction or proceed to a probable cause determination any time the parties report the result of a conference. Such a rule would remove the decision whether to retain jurisdiction from the judiciary and place it in the hands of counsel. We decline to adopt such a rule.

The defendant relies on *Commonwealth* v. *Crosby*, 6 Mass. App. Ct. 679 (1978), for support for his claim that jeopardy should attach. In that case, a proceeding was held in the Municipal Court of the City of Boston at which the case was called, the arresting officer was sworn as a witness, and the clerk then said to the judge, "as to sufficient facts, Your Honor." *Id*. at 680. The witness testified as to the events surrounding the

defendant's arrest, and defense counsel asked the witness two questions,[3] which the officer answered in the negative. The judge, at the end of the proceeding, declined jurisdiction and bound the case over to the grand jury. An indictment charging the defendant with receiving stolen goods was returned. The defendant contended that he already had been placed in jeopardy at the District Court proceeding. The Appeals Court inferred that a trial on the merits had been held, and reversed the Superior Court conviction. In *Crosby*, in contrast to the instant case, the "conduct of counsel during the proceeding was consistent with the procedure of admitting to sufficient facts." *Id.* at 682. See *supra*, note 2. A witness was sworn, and the judge heard testimony. In this case, those essential features of a trial on the merits were lacking. We adhere to the principle that jeopardy attaches at the time the first witness is sworn. See, e.g., *Crist, supra; Serfass, supra.*

In sum, the District Court proceeding did not constitute a trial on the merits and the trial in the Superior Court was not barred.

*Judgments affirmed.*

---

[3] The questions were "whether there had been any damage to the goods [which the defendant allegedly received as stolen] and whether the defendant had given [the arresting officer] any trouble at the time of arrest." *Crosby, supra* at 680.