ARMAND POITRAS *vs.* BOARD OF APPEAL ON MOTOR VEHICLE
LIABILITY POLICIES AND BONDS.

Essex.   November 4, 1969. — December 23, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Motor Vehicle*, License to operate.   *Moot Question.*

Following a revocation of a license to operate motor vehicles by the
Registrar of Motor Vehicles and a decision by the Board of Appeal on
Motor Vehicle Liability Policies and Bonds affirming the revocation,
a restoration of the license in compliance with a decree of the Superior
Court in a proceeding under G. L. c. 30A, § 14, for review of the board's
decision did not make the matter moot where the board appealed from
the decree. [511]

A dismissal of a criminal proceeding for an automobile law violation be-
cause of a failure under G. L. c. 90C, § 2, prior to its amendment by
St. 1968, c. 725, § 2, to give the defendant the original citation at the
time and place of the violation was the equivalent of a finding of not
guilty. [512–513]

G. L. c. 90, § 22D, providing that, after a suspension or revocation of a
motor vehicle operator's license by the Registrar of Motor Vehicles
for an automobile law violation, the license shall be reinstated in the
event of a court finding that the operator was not guilty of such viola-
tion does not apply to a revocation of an operator's license under § 29
in the event of a fatal accident and a determination by the Registrar
of "serious fault" on the part of the operator. [513]

PETITION for review filed in the Superior Court on July 29,
1968.

The case was heard by *Good, J.*

*Donald J. Wood,* Assistant Attorney General, for the
respondent.

*Sumner H. Smith,* for the petitioner, submitted a brief.

WILKINS, C.J.   This is a petition under G. L. c. 30A, § 14
(as amended through St. 1957, c. 193, § 1), to review a
decision of the respondent board.[1]   On February 15, 1968,
the petitioner, while operating a motor vehicle in Lynn,
fatally injured a pedestrian.   On May 8, 1968, the Registrar

---

[1] For powers and duties of the board see G. L. c. 26, § 8A (as amended
through St. 1947, c. 94).

356 Mass. 510                                                  511

Poitras *v.* Board of Appeal on Motor Vehicle Liability Policies & Bonds.

of Motor Vehicles, following a hearing pursuant to G. L. c. 90, § 29 (as amended through St. 1967, c. 193), revoked the driver's license of the petitioner, finding that his inattention plus excessive speed was the cause of the death and that he was not without serious fault. The petitioner appealed to the respondent board under G. L. c. 90, § 28 (as amended through St. 1950, c. 536), and, after hearing, the decision of the registrar was affirmed on July 18, 1968.

In the meantime on April 5, 1968, in the District Court of Southern Essex the petitioner was found guilty of operating a motor vehicle "negligently so that the lives or safety of the public might be endangered," and was fined $100. He appealed. On May 14, 1968, the defendant (the petitioner here) filed in the Superior Court a motion to suppress the citation. The basis of the motion was failure to give the defendant the original citation at the time and place of the violation, a defence at that time under G. L. c. 90C, § 2. See *Commonwealth* v. *Federico*, 354 Mass. 206. See now St. 1968, c. 725, § 2. The motion was allowed and the criminal proceeding dismissed on June 19, 1968.

The present petition was filed on July 29, 1968. On December 4, 1968, a final decree was made by a judge of the Superior Court which recited that the case was heard on the original papers and, citing G. L. c. 90, § 22D, ordered that "the Registrar of Motor Vehicles shall forthwith restore and reinstate the operator's license of the petitioner." The respondent board appealed.

The case is not moot. While it appears that the license for the moment has been restored, this action was in compliance with an order from which the respondent board has properly appealed. The order of restoration obviously was not final. The completion of the pending proceeding could in due course lead to a reversal and the imposition of the order of revocation.

The petitioner urges that the dismissal of the criminal proceeding required the registrar to restore his license. We do not agree. This presents a novel and obscure question of statutory construction. But the policy of the stat-

utes. is clear. The extensive loss of life on our highways due to operation of automobiles has become a national disgrace and is a growing challenge to the power of government to insure the safety of our citizens.

General Laws, c. 90 § 29 (as amended through St. 1967, c. 193), provides in material part (italics supplied): "*Whenever the death of any person results from any such accident, the registrar shall suspend forthwith the license* or right to operate of the person operating the motor vehicle in said accident, and shall order the said license to be delivered to him [the registrar], unless a preliminary investigation indicates that the operator may not have been at fault; *and the registrar shall revoke* the same *unless, upon investigation and after a hearing, he determines that the accident occurred without serious fault upon the part of the operator* of such motor vehicle . . . ."

General Laws c. 90, § 22D (as amended through St. 1967, c. 432, § 1), provides in material part: "Notwithstanding the provisions of section twenty-two, if the registrar has suspended or revoked any license issued under this chapter solely or in part because of an automobile law violation, as defined in section one of chapter ninety C, he shall forthwith reinstate such license if the holder thereof is later found not guilty of such automobile law violation by a court of competent jurisdiction . . . ."

In the first place, we are of opinion that the conditions of § 22D are satisfied. Although no statute, including § 29, requires that a revocation be based upon a violation of a criminal statute or upon an automobile law violation as defined in c. 90C, § 1 (as amended through St. 1967, c. 432, § 2),[1] the revocation here was due, in part at least, to an automobile law violation. The dismissal of the criminal proceeding because of failure to comply with c. 90C, § 2, is

---

[1] "Automobile law violation," any violation of any statute, ordinance, by-law or regulation relating to the operation or control of motor vehicles other than a violation (1) of any rule, regulation, order, ordinance or by-law regulating the parking of motor vehicles established by any city or town or by any commission or body empowered by law to make such rules and regulations therein, or (2) of any provision of c. 159B.

tantamount to a finding of not guilty.   See *Commonwealth* v. *Hart,* 149 Mass. 7, 9.

In the second place, however, we are of opinion that c. 90, § 22D, does not apply to the revocation of a license under c. 90, § 29.   One matter of significance is the initial phrase of § 22D, "Notwithstanding the provisions of § 22." This leads to the inference that § 22D was designed to affect the powers of the registrar only under § 22, and to have no effect on his powers under § 29 which is concerned with fatal accidents and cases involving "serious fault." As matter of policy, there could have been a rational distinction drawn by the Legislature from less serious causes falling under § 22.   Accidents causing death may reasonably be treated as constituting a more serious category.   The Legislature could have concluded that in this category the registrar could revoke the license of an operator upon a finding of "serious fault" even though a court had found him not guilty of an automobile law violation arising from the same events.

In the case at bar the license was revoked after an investigation and hearing led to a determination that the petitioner was "not without serious fault."   The facts before the respondent board amply warranted the action of the board.

We are of opinion that the decree of the Superior Court judge was in error and must be reversed.   The order of the respondent board is to be affirmed.

*So ordered.*