PAUL F. BOYLE vs. REGISTRAR OF MOTOR VEHICLES
(and a companion case[1]).

Suffolk.  April 7, 1975. — June 12, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

Constitutional Law, Jury trial. Motor Vehicle, License to operate.
Registrar of Motor Vehicles, Revocation of license to operate,
Appeal. Practice, Civil, Class action. Practice, Criminal, "Two-
tier" court system.

Decisions of this court rejecting claims that the Commonwealth's two-
tier court system in certain criminal cases violates a right of an
accused to have a jury trial "in the first instance" were not re-
considered. [142-143]
Driving under the influence of intoxicating liquor constituted reason-
able cause for revocation by the Registrar of Motor Vehicles under
G. L. c. 90, § 24 (1) (b), of the operator's driving license; revoca-
tion without trial by jury did not violate constitutional rights of
the operator, and a determination of the facts by a District Court
judge upon bringing of a criminal complaint provided all the
necessary elements of due process. [141-143]

CIVIL ACTION commenced in the Supreme Judicial
Court for the county of Suffolk on July 3, 1974.

BILL IN EQUITY filed in the Supreme Judicial Court for
the county of Suffolk on September 18, 1973.

The cases were reserved and reported by Kaplan, J.

Robert W. Hagopian for the plaintiffs.

William A. Schroeder, Assistant Attorney General, for
the Registrar of Motor Vehicles.

BRAUCHER, J.   The plaintiffs were charged with driving
under the influence of intoxicating liquor and were tried
in a District Court without a jury, found guilty, and

[1] Walter E. Whitmarsh vs. Registrar of Motor Vehicles.

fined.   Before trial, the plaintiff Whitmarsh moved for a trial by jury in the first instance, and the motion was denied; the plaintiff Boyle made no such motion.   Each appealed to the Superior Court for a trial de novo under G. L. c. 278, § 18, and the Registrar of Motor Vehicles, pursuant to G. L. c. 90, § 24 (1) (b), revoked the license of each to operate a motor vehicle.   We uphold the statutes and the actions taken under them against the constitutional attacks of the plaintiffs.

These cases were brought in the county court, and each case was reserved and reported to the full court without decision by a single justice of this court.   Statements of agreed facts were filed.   Each plaintiff asserted a claim within the general equity jurisdiction of the court and a claim under the Federal Civil Rights Act, 42 U. S. C. 1983 (1970).   The Boyle complaint was framed as a complaint in a class action, but the record discloses none of the findings required by Mass. R. Civ. P. 23, 365 Mass. 767 (1974), for the maintenance of a class action. Each plaintiff sought preliminary and permanent injunctions against the suspension of the plaintiff's license.

The plaintiffs contend that revocation of a license to operate motor vehicles by reason of driving under the influence of intoxicating liquor is a criminal penalty, and that such revocation without trial by jury violates the Sixth Amendment to the Constitution of the United States and art. 12 of the Massachusetts Declaration of Rights. They also contend that denial of trial by jury in the first instance violates the same constitutional provisions, and that license revocation places an unconstitutional burden on the rights of appeal and trial by jury.

We have recently given extended consideration to the claim that our two-tier court system violates a right of the accused to have a jury trial "in the first instance," and we rejected the claim.   *Whitmarsh v. Commonwealth,* 366 Mass. 212, 218-226 (1974), app. dism. 421 U. S. 957 (1975).   Cf. *Costarelli* v. *Municipal Court of the City of Boston,* 367 Mass. 35, 38-41 (1975); *Com-*

*monwealth* v. *Ludwig, ante,* 138 (1975); *Costarelli* v. *Massachusetts,* 421 U. S. 193 (1975). We decline the plaintiffs' invitation to reconsider that claim.

The remainder of the plaintiffs' contentions were fully considered by a three-judge Federal District Court in *Almeida* v. *Lucey,* 372 F. Supp. 109 (D. Mass. 1974), affd. 419 U. S. 806 (1974). We agree with that court that driving under the influence constitutes reasonable cause for revocation of a driver's license, that a jury trial is not required, and that a determination of the facts by a District Court judge provides all the necessary elements of due process.

Moreover, while the Registrar is given no discretion and must revoke the driver's license of one who is convicted in a District Court, the Registrar's decision is subject to appeal to a board of appeal under G. L. c. 90, § 28. The board's decisions are subject to judicial review under G. L. c. 30A, § 14. *Poitras* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 356 Mass. 510 (1969). We need not now decide what issues are open on such an appeal, but at a minimum any issue is open which is essential to a determination that the license revocation is constitutionally valid. The appeal does not stay the Registrar's decision, but there is no showing that such appeals result in unfair delay. The record does not show that review by a board of appeal was sought.

We conclude that the plaintiffs' licenses were properly revoked and that Boyle's complaint and Whitmarsh's bill in equity should be dismissed.

*So ordered.*