580 382 Mass. 580

Registrar of Motor Vehs. *v.* Board of Appeal on Motor Veh. Liability Policies & Bonds.

REGISTRAR OF MOTOR VEHICLES *vs.* BOARD OF APPEAL ON
MOTOR VEHICLE LIABILITY POLICIES AND BONDS.

Suffolk. September 9, 1980. — February 13, 1981.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, LIACOS, & ABRAMS, JJ.

*Motor Vehicle,* License to operate. *Registrar of Motor Vehicles,* Revoca-
tion of license to operate, Appeal. *Statute,* Construction. *Board of
Appeal on Motor Vehicle Liability Policies and Bonds. Due Process of
Law,* Revocation of license to operate.

Under G. L. c. 90, § 28, the Board of Appeal on Motor Vehicle Liability
Policies and Bonds in its discretion may affirm, modify, or annul ac-
tions taken by the Registrar of Motor Vehicles pursuant to the man-
datory revocation provisions of c. 90, § 24 (2), and the scope of the
board's authority to modify or annul a statutorily mandated revoca-
tion is not limited to a finding of material factual error or misapplica-
tion of § 24(2) by the registrar. [584-590]

Where the Board of Appeal on Motor Vehicle Liability Policies and Bonds
did not provide the Superior Court with a record of its proceedings as
required by G. L. c. 30A, § 14 (4), and the board's summary statement
of reasons for its decision to annul an action of the Registrar of Motor
Vehicles was not sufficient to allow the court to determine whether the
decision met the standards set forth in c. 30A, § 14 (7), the registrar
was given an opportunity to reopen the case and have the board file a
statement of reasons and a further record. [590-591]

CIVIL ACTION commenced in the Superior Court on March
31, 1976.

The case was heard by *Connolly,* J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Gerald J. Caruso,* Assistant Attorney General, for the
plaintiff.

*John F. Haddigan,* Special Assistant Attorney General,
for the defendant.

QUIRICO, J. This is an appeal by the Registrar of Motor
Vehicles (registrar) from a judgment of the Superior Court

upholding a decision issued by the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board). The case arose when, acting pursuant to a mandatory revocation provision of G. L. c. 90, § 24, the registrar revoked a driver's license upon the report of the licensee's adjudication as a delinquent child because of motor vehicle offenses. When the licensee appealed to the board under G. L. c. 90, § 28,[1] the board annulled the revocation and ordered the registrar to reinstate the license. The case on appeal requires a construction of the scope of review granted to the board by G. L. c. 90, § 28, over statutorily required revocations imposed by the registrar.

We summarize the facts. On July 11, 1973, and again on July 30, 1973, as a result of two separate incidents, the licensee was adjudged a delinquent child by reason of using a motor vehicle without authority. See G. L. c. 90, § 24 (2) (*a*), and G. L. c. 119, § 58B. Under G. L. c. 90, § 24 (2) (*b*), the adjudication of delinquency by virtue of a conviction of use of an automobile without authority is one of several offenses requiring the registrar to revoke the driver's license of the offender. Unless the court or magistrate in the case recommends otherwise, the registrar is given no discretion under § 24 (2) (*b*); the section mandates immediate revocation. Thus, upon report of the two convictions in this case, the registrar revoked the juvenile's license on December 20, 1973, for the statutorily mandated period of three years. See G. L. c. 90, § 24 (2) (*a*), (*b*), and (*c*).[2]

---

[1] General Laws c. 90, § 28, as appearing in St. 1950, c. 536, states in relevant part: "Any person aggrieved by a ruling or decision of the registrar may, within ten days thereafter, appeal from such ruling or decision to the board of appeal on motor vehicle liability policies and bonds created by section eight A of chapter twenty-six, which board may, after a hearing, order such ruling or decision to be affirmed, modified or annulled; but no such appeal shall operate to stay any ruling or decision of the registrar."

[2] General Laws c. 90, § 24 (2) (*a*), prescribes the maximum and minimum criminal penalties for various motor vehicle offenses, including use of a motor vehicle without authority. Section 24 (2) (*b*) states in relevant part: "A conviction of a violation of the preceding paragraph of this

The juvenile appealed the revocation of his license to the board pursuant to G. L. c. 90, § 28. After a hearing, the board annulled the registrar's action and ordered the license restored.[3] In its statement of reasons for its decision the board found that the licensee had, in fact, been adjudicated delinquent on two occasions.[4] However, the board made no findings as to why his license should be restored prior to the expiration of the statutorily mandated period of revocation.

Following the board's decision, and pursuant to G. L. c. 30A, § 14, the registrar brought an action for review of the decision in the Superior Court. He sought reversal of

---

section shall be reported forthwith by the court or magistrate to the registrar, who may in any event, and shall unless the court or magistrate recommends otherwise, revoke immediately the license or right to operate of the person so convicted, and no appeal, motion for new trial or exceptions shall operate to stay the revocation of the license or right to operate."

Section 24 (2) (c) states in relevant part: "The registrar, after having revoked the license or right to operate of any person under the preceding paragraph of this section, in his discretion may issue a new license or reinstate the right to operate to him, if the prosecution of such person in the superior court has terminated in favor of the defendant, or after an investigation or upon hearing, may issue a new license or reinstate the right to operate to a person convicted in any court of the violation of any provision of paragraph (a) of subdivision (2) of this section; provided, that no new license or right to operate shall be issued by the registrar . . . to any person adjudged a delinquent child by reason thereof under the provisions of section fifty-eight B of chapter one hundred and nineteen, until one year after the date of revocation following his original conviction or adjudication if for a first offense or until two years after the date of revocation following any subsequent conviction or adjudication, or to any person convicted of using a motor vehicle knowing that such use is unauthorized, until one year after the date of revocation following his original conviction or adjudication if for a first offense or until three years after the date of revocation following any subsequent conviction or adjudication."

[3] At the time the board issued its statement of reasons on January 28, 1976, the license in question had been revoked for a period of slightly more than two years. Thus the license was restored approximately eleven months before the expiration of the mandatory three year suspension imposed by the registrar.

[4] The board based its statement on court abstracts, and cited G. L. c. 90, § 28, and a November 13, 1975, opinion of the Attorney General as the basis for its decision.

382 Mass. 580                                              583

Registrar of Motor Vehs. *v.* Board of Appeal on Motor Veh. Liability Policies & Bonds.

the board's action and reinstatement of the revocation for the remainder of the statutorily required period. Arguing that the board's scope of review was limited to determining whether on the facts the juvenile had twice been adjudged a delinquent for using a motor vehicle without authority, the registrar also sought a declaration that the board could not otherwise modify or annul the mandatory revocation periods set forth in G. L. c. 90, § 24, and other motor vehicle laws. The case was heard on the basis of the record filed by the board.[5] The record did not include a transcript of the hearing, nor findings of fact.

The judge rejected the registrar's arguments, finding the decision to annul the registrar's decision to be properly within the power of the board. However, he criticized the board's summary statement of reasons as "somewhat lacking in detail and precision."

We granted the registrar's motion for direct appellate review. See G. L. c. 211A, § 10 (A). On appeal the registrar argues that the judge erred in two respects in upholding the board's decision: (1) because there was no finding by the board that the registrar did not act in accordance with the statute, or that the factual predicate for the revocation — the underlying conviction or adjudication — did not in fact occur; and (2) because the board's decision was not supported by substantial evidence, nor did the board make an adequate statement of reasons for its decisions.

We hold that under G. L. c. 90, § 28, the board in its discretion may affirm, modify, or annul actions taken by the registrar pursuant to the mandatory revocation provisions of G. L. c. 90, § 24 (2). Thus, we hold that the judge correctly ruled that as a matter of law the board had the power to modify the registrar's decision. The questions as to the sufficiency of the evidence and the adequacy of the

---

[5] The case was heard simultaneously with five other cases in which the board had annulled decisions of the registrar. Judgments were entered for the board in all six cases.

board's statement of reasons for its decision under G. L. c. 30A, § 14, are discussed later in this opinion.

1. *The board's power of review.* General Laws c. 90, § 28, allows any person aggrieved by a decision or ruling of the registrar to appeal to the board. The board's decisions are subject to judicial review under G. L. c. 30A, § 14. *Poitras* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 356 Mass. 510 (1969). An individual whose license has been revoked by the registrar must appeal to the board before seeking judicial review. See *Wall* v. *Registrar of Motor Vehicles,* 329 Mass. 70 (1952).

In the case of an appeal from a discretionary ruling by the registrar, we have construed the word "appeal" in § 28 "as providing for a new trial on all issues and a full hearing on the merits in no way limited or restricted by what had occurred at the previous hearing before the registrar." *Ullian* v. *Registrar of Motor Vehicles,* 325 Mass. 197, 199 (1950). Furthermore, we expressly approved the appeal of G. L. c. 90, § 24, mandatory revocation decision to the Board of Appeal under G. L. c. 90, § 28, in *Boyle* v. *Registrar of Motor Vehicles,* 368 Mass. 141 (1975). However, in *Boyle,* we refrained from deciding what issues are open on such an appeal, holding simply that "at a minimum any issue is open which is essential to a determination that the license revocation is constitutionally valid." *Id.* at 143. We hold today that "appeal" as used in § 28 and as construed in *Ullian* applies to mandatory as well as discretionary revocations by the registrar.

The registrar argues that the scope of the board's authority to modify or annul the statutorily mandated revocation in this case is limited to a finding of material factual error or a misapplication of § 24 (2) by the registrar. Any other interpretation of c. 90, § 28, he asserts, ignores the legislative intent embodied in § 24 (2) (c) that the license of a person who has twice been adjudicated a delinquent by virtue of unauthorized use of a motor vehicle must be revoked for a minimum of three years. The registrar buttresses his argument by noting that the amendment to G. L. c. 90, § 24 (2),

382 Mass. 580 585

Registrar of Motor Vehs. *v.* Board of Appeal on Motor Veh. Liability Policies & Bonds.

St. 1966, c. 191, § 1, entitled, "An Act to require the revocation of a motor vehicle operator's license after conviction for larceny of a motor vehicle or conviction for using a motor vehicle without authority," was passed sixteen years after the most recent amendment to the appeals statute. See St. 1950, c. 536. Thus, the registrar argues, the clear legislative intent evidenced in the amended § 24 conflicts with the broad power of review given earlier to the board. He concludes that, to construe the two statutes harmoniously, § 24 must be construed as prohibiting the board from annulling license revocations which are mandated by statute unless the invocation of § 24 by the registrar was factually or legally incorrect.

We begin our analysis with the general rule that "a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Board of Educ.* v. *Assessor of Worcester,* 368 Mass. 511, 513 (1975), quoting from *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360, 364 (1975). Furthermore, where two or more statutes relate to the same subject matter, they should be construed together so as to constitute an harmonious whole consistent with the legislative purpose. *Board of Educ., supra* at 513-514. The statutory language itself is the principal source of insight into the legislative purpose. *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977).

Applying these principles, we find two flaws in the registrar's argument. First, even were we to accept his characterization of the amended § 24 as a later, specific statute conflicting with an earlier general statute, we would not accept his conclusion. To do so would amount to impliedly repealing a portion of the board's power of review. We are loath to find that a prior statute has been superseded in whole or in part in the absence of express words to that effect or of clear implication. *Rennert* v. *Trustees of State*

*Colleges,* 363 Mass. 740, 473 (1973), citing *Inspector of Bldgs. of Falmouth* v. *General Outdoor Advertising Co.,* 264 Mass. 85 (1928). Had the Legislature intended the "use without authority" statute to narrow the scope of the board's review, it could have expressed the limitation in the statute. It did not do so.

Furthermore, "[t]he test of the applicability of the principle of implied repeal is whether the prior statute is so repugnant to and inconsistent with the later enactment covering the subject that both cannot stand." *Gregoire, petitioner,* 355 Mass. 399, 400 (1969), quoting from *Doherty* v. *Commissioner of Administration,* 349 Mass. 687, 690 (1965). A requirement that the registrar must, without discretion, revoke licenses under certain circumstances is not repugnant to a provision allowing appeal from that action. We view an immediate mandatory revocation by the registrar as a purely ministerial action effectuating the legislative intent of removing certain drivers from the road as quickly as possible. Cf. *Costarelli* v. *Panora,* 423 F. Supp. 1309, 1312 (D. Mass. 1976), aff'd 431 U.S. 934 (1977) (Tauro, J., dissenting). Compare *Fuhrer* v. *Department of Motor Vehicles,* 197 Colo. 325, 330 (1979). Within the statutory scheme, the substantive review provided by the board supplements the registrar's ministerial action; the two functions are neither inconsistent with nor repugnant to each other. Section 24 does not make the mandatory provisions which are binding on the registrar applicable to the board. We find no reason to imply such a restriction.

A second and more serious flaw in the registrar's argument is a misapprehension of the statutory scheme regulating motor vehicle offenses and license revocations. To address the registrar's argument properly, we must first set forth the history of the two statutes in question. "The intention of the General Court in enacting any statute must be ascertained, not alone from the literal meaning of its words, but from a view of the whole system of which it is but a part, and in the light of the common law and previous statutes." *Pereira* v. *New England LNG Co.,* 364 Mass.

382 Mass. 580                                                   587

Registrar of Motor Vehs. *v.* Board of Appeal on Motor Veh. Liability Policies & Bonds.

109, 115 (1973), quoting from *Armburg* v. *Boston & Me. R.R.*, 276 Mass. 418, 426 (1931).

The first statute to broadly regulate the operation and registration of motor vehicles was St. 1903, c. 473. The act set forth registration and licensing requirements, prohibited certain conduct, and gave the Massachusetts highway commission the power to suspend or revoke a driver's license, after due hearing, "for any cause which it may deem sufficient." St. 1903, c. 473, § 9. Statute 1906, c. 412, amended the act, incorporating a provision requiring the commission to revoke the license of a person convicted of reckless driving or of driving while under the influence of intoxicating liquor. St. 1906, c. 412, § 4.[6] That mandatory revocation provision was the progenitor of G. L. c. 90, § 24. See G. L. c. 90, § 24 (Ter. Ed. 1932). In 1936, c. 90, § 24, was rewritten, to revise the procedure for criminally prosecuting the offense of driving a motor vehicle while under the influence of intoxicating liquor. See 10th Report of the Judicial Council, Pub. Doc. No. 144, at 29-34 (Nov. 1934); 11th Report of the Judicial Council, Pub. Doc. No. 144, at 40-44 (Nov. 1935). The 1936 amendments additionally set up the current subdivisions of § 24, but left the substance of the mandatory revocation provisions unchanged. A series of amendments added further offenses, the conviction for which required mandatory revocation.[7]

The current appeal system as set out in G. L. c. 90, § 28, had its origin in St. 1905, c. 311, § 1. That act gave the Massachusetts highway commission the power to administer motor vehicle laws, including the power currently held by

[6] Statute 1906, c. 412, § 4, stated in relevant part: "Whoever operates an automobile or motor cycle on any public way . . . recklessly or while under the influence of intoxicating liquor, or so as to endanger the lives or safety of the public, shall be punished by a fine not exceeding one hundred dollars or by imprisonment for a term not exceeding six months. A conviction of a violation of this section shall forthwith be reported by the court or trial justice to the commission which shall immediately revoke the license of the person so convicted."

[7] See, e.g., St. 1961, c. 422, § 2; St. 1962, c. 394, § 2; St. 1963, c. 369, § 2; St. 1966, c. 191, § 1.

both the registrar and the board to administer oaths and take testimony.[8] In 1919, a government reorganization act created the Department of Public Works and established the position of Registrar of Motor Vehicles, granting to the registrar the powers, duties and obligations of the former Massachusetts highway commission. St. 1919, c. 350, § 115. One such duty, of course, was the mandatory revocation of the license of a person convicted of driving recklessly or while under the influence of intoxicating liquor. See St. 1909, c. 534, § 22; St. 1919, c. 350, § 115.

Significantly, at the same time it gave these powers and duties to the registrar, the Legislature established a statutory right of appeal from the registrar's decisions. Statute 1919, c. 350, § 115, stated in part: "Any person aggrieved by a regulation, ruling or decision of said registrar may . . . appeal from such regulation, ruling or decision to the commissioners of the division of highways who may, after a hearing, order such regulation, ruling or decision to be affirmed, modified or annulled." On its face the 1919 act allowed for review, without limit, of the registrar's rulings. Moreover, except for changes in the designation of the agency to which the appeal must be addressed, the substance of this appeals provision has remained unchanged in most significant aspects since 1919.[9]

Against this background, we do not agree with the registrar's contention that in passing the "use without authority" amendment to § 24 in 1966, the Legislature intended to

---

[8] The powers given to the Massachusetts highway commission were expanded by amendments to St. 1905, c. 311, § 1. See St. 1908, c. 648, § 1; St. 1909, c. 534, §§ 25, 31.

[9] Compare St. 1919, c. 350, § 115 (appeal to the Commissioners of the division of highways), with St. 1931, c. 426, § 203 (appeal to the Department of Public Works), or with St. 1950, c. 536 (appeal to the board of appeal on motor vehicle liability policies and bonds). The board of appeal on motor vehicle liability policies and bonds had been established by St. 1925, c. 346, § 3, as part of a broad statute relating to compulsory motor vehicle insurance. G. L. c. 26, § 8A. See DeCosta v. Ye Craftsman Studio Inc., 278 Mass. 315, 317-318 (1932).

restrict the board's scope of review on appeal. Instead, we view the "use without authority" statute as simply one of a series of amendments dating from 1906 which lengthened the list of offenses requiring mandatory license revocation. This view is strengthened by our assumption that the Legislature was aware of the existing statutes in enacting the above legislation. *Hadley* v. *Amherst,* 372 Mass. 46, 51 (1977).

Additionally, given the historical progression of c. 90, § 28, we conclude that the Legislature amended the appeals provision to further administrative efficiency and because of executive reorganization. However, we find no evidence of any legislative intent to affect the substantive powers of the agency or board hearing the appeal. Indeed, the passage of the one substantive amendment to the appeals provision, St. 1922, c. 202,[10] further supports our conclusion that had the Legislature desired to narrow the board's power, it would have expressly limited § 28, rather than narrow the board's power by implication.

One further argument raised by the board warrants attention. The board argues that there is a constitutional as well as statutory basis for its authority — that a failure by the board to examine the underlying facts in full on an appeal from a mandatory license revocation would deny the licensee due process of law. We disagree.

In *Boyle* v. *Registrar of Motor Vehicles,* 368 Mass. 141 (1975), we stated that driving under the influence, see G. L. c. 90, § 24 (1) (*b*), constituted reasonable cause for the revocation of a driver's license. A determination of the facts by a District Court judge provided all the necessary elements of due process prior to revocation, *id.* at 143, because the criminal proceeding decided the very issue which triggered the possibility of revocation — the licensee's liability for driving while intoxicated. See *Almeida* v. *Lucey,* 372

---

[10] Statute 1922, c. 202, provided that appeals from the rulings or decisions of the Registrar of Motor Vehicles shall not operate to stay such rulings or decisions.

590 382 Mass. 580

Registrar of Motor Vehs. *v.* Board of Appeal on Motor Veh. Liability Policies & Bonds.

F. Supp. 109 (D. Mass), aff'd 419 U.S. 806 (1974). See also, e.g., *Rader* v. *Dothard*, 434 F. Supp. 688 (N.D. Ala. 1977); *Scott* v. *Hill*, 407 F. Supp. 301 (E.D. Va. 1976). Compare *Pollard* v. *Panora*, 411 F. Supp. 580 (D. Mass. 1976). Cf. *Mackey* v. *Montrym*, 443 U.S. 1 (1979). The same principles hold true for the analogous offense of use of a motor vehicle without authority. See *Costarelli* v. *Panora*, 423 F. Supp. 1309 (D. Mass. 1976), aff'd 431 U.S. 934 (1977).

In this case, the hearing at the adjudication of delinquency, as well as the trial on the use without authority charge, provided the juvenile with the notice and hearing on the issues required by due process. While due process does not require a further postrevocation hearing, the Legislature has chosen to provide such a hearing on appeal to the board. The choice, obviously, is within the Legislature's prerogative.

2. *Questions not raised before the Superior Court.* On appeal the registrar attempts to raise two arguments not raised in the Superior Court: (a) that even if the board has the authority under G. L. c. 90, § 28, to modify a mandatory revocation by the registrar, the board's decision in this case was not supported by substantial evidence; and (b) that the board did not provide an adequate statement of reasons for its decision.

(a) It is fundamental that an adjudicatory decision of a State agency must be supported by substantial evidence. G. L. c. 30A, § 14 (7) (*e*). See, e.g., *Goodridge* v. *Director of the Div. of Employment Security*, 375 Mass. 434 (1978). In this case we are unable to decide whether there was substantial evidence to support the board's decision, since the board did not provide the Superior Court with a record of the entire proceedings as required by c. 30A, § 14 (4). It was, of course, open to the registrar to move in the Superior Court to have the board submit a further record. See G. L. c. 30A, § 14 (4), as appearing in St. 1973, c. 1114, § 3: "The Court may require or permit subsequent corrections or additions to the record when deemed desirable." As a matter of judicial economy, as well as of procedure, such a motion would have been preferable to raising the issue for the first time on appeal to this court.

(b)  General Laws c. 30A, § 11 (8), inserted by St. 1954, c. 681, § 1, requires that on appeal an agency decision must "be accompanied by a statement of reasons for the decision, including determination of each issue of fact or law necessary to the decision."  In this case the board's summary statement of reasons for its decision does not enable us to ascertain whether the board's ruling was "[b]ased upon an error of law," "[u]nsupported by substantial evidence," or "[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."  G. L. c. 30A, § 14 (7). See *Hamilton* v. *Department of Pub. Utils.*, 346 Mass. 130, 137 (1963).  Thus, the statement of reasons gives us little guidance in the exercise of our function of appellate review under c. 30A, § 14 (7).  See *Leen* v. *Assessors of Boston*, 345 Mass. 494, 502 (1963): "There is a duty to make adequate subsidiary findings, a duty which is not performed by making one almost meaningless statement."  Here again, however, a preferable procedure would have been for the registrar to move in the Superior Court for a remand to the board for an adequate statement of reasons.

3.  *Disposition of case.*  Accordingly, we agree with the ruling of the Superior Court that as a matter of law the board had the power under c. 90, § 28, to annul the mandatory license revocation by the registrar.  However, we vacate the judgment and remand the case to the Superior Court with instructions to enter a new judgment affirming the decision of the board twenty (20) days after this remand, unless within said twenty days the registrar moves in the Superior Court to reopen the case and have the board file a statement of reasons and a further record.  The further record should be sufficient to allow the court to determine whether the board's decision meets the standards set forth in c. 30A, § 14 (7).  Should the case be reopened, the juvenile shall have the right to intervene.  See G. L. c. 30A, § 14 (2).

*So ordered.*