WESTERN MASSACHUSETTS ELECTRIC COMPANY *vs.* STATE EXAMINERS OF ELECTRICIANS. September 27, 1984. *Statute,* Construction. *Electricians. Electric Company.*

Under G. L. c. 141, § 1, as amended through St. 1962, c. 582, § 1, only licensed electricians may "engage in, or work at the business of installing wires, conduits, apparatus, fixtures or other appliances for carrying or using electricity for light, heat or power purposes . . . ." Certain exemptions from this requirement are set out in G. L. c. 141, § 7. The issue on this appeal is whether the trial judge was correct in concluding that the installation of radio-controlled peak-load switches on consumer-owned hot water tanks by nonlicensed employees of the plaintiff company falls within the following exemption provided for in § 7: ". . . the work of . . . electric or gas companies in installing, maintaining and repairing, on the premises of customers, service connections and meters and other apparatus and appliances remaining the property of such . . . companies after installation." We conclude that the company's activity here in question does not fall within the exemption and reverse the judgment.

After an evidentiary hearing concerning the design, function, and method of installation of the radio-controlled switches, the defendant (board) concluded that the installation involved alteration of the internal wiring of the hot water tanks and that such alteration "would nullify" certain provisions of the 1981 Massachusetts Electric Code, specifically arts. 90-6 (equipment examination), and 100 (definitions of "Label" and "Listed"). See 527 Code Mass. Regs. 12.00 (1983).[1] It appears from a reading of the cited sections, especially art. 100, that the board concluded that there was a violation of c. 141, § 1, because there was no way by which the equipment (radio-controlled switches) and its installation could be inspected to determine whether there had been compliance with Code standards.

There is no dispute as to the following facts: (1) that the plaintiff is an electric company within the meaning of G. L. c. 164, § 1, as amended through St. 1982, c. 120 ("a corporation organized under the laws of the commonwealth for the purpose of making . . . and selling or distributing

[1] The Massachusetts Electrical Code, which appears in 527 Code Mass. Regs. 12.00 (1983), incorporates the National Electrical Code with certain modifications not here pertinent. The Code is promulgated by the Board of Fire Prevention Regulations.

and selling, electricity within the commonwealth"); (2) that installation of the switches involves internal wiring of the appliance (the hot-water tank); (3) that the consumer owns the hot water tank upon which the switch is installed; and (4) that the switch remains the property of the company after it is affixed to the tank.

The board argues that the "on the premises" exemption is intended for work on electrical apparatus which is in the nature of "service equipment," as that term is defined in 527 Code Mass. Regs. 12.00, at 100 (1983).[2] Hence, the board here seeks to prohibit company employees who are not licensed electricians from connecting company-owned radio-controlled switches to the internal wiring of the consumer-owned hot-water tank. The company contends that it qualifies for the exemption because it installs the switch, which remains the property of the company after installation, at an exempted location, i.e., "on the premises of customers," a phrase which the company reads broadly. But cf. 527 Code Mass. Regs. 12.90-2(b)(5) (1983).

We think that the company reads too casually that part of § 7 which requires that if the exemption is to apply, the "service connections and meters and other apparatus and appliances" must remain the property of the company after installation. The company's contention that it is entitled to the benefit of the exemption because it retains ownership of the switch after it is affixed to the appliances which the company neither installed nor owns is, in our view, an example of the tail wagging the dog. Section 7 must be construed together with § 1 so as to constitute "an harmonious whole consistent with the legislative purpose" of the enactments. *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 585 (1981). Reading the exemption (§ 7) to be only as broad as the prohibition (§ 1), we conclude that if the exemption is to apply, then the work done "on the premises of customers" must be limited and confined to work on that equipment which remains the property of the company after it is installed. Because unlicensed company employees here alter the internal wiring of an appliance which is not the company's property, the exemption is unavailable, irrespective of the fact that the work is done on the premises of the customer.

The judgment is reversed and the matter is remanded to the Superior Court for entry of a judgment affirming the decision of the State Examiners of Electricians.

*So ordered.*

*John P. Graceffa,* Assistant Attorney General, for the defendant.
*Duncan S. Payne (David C. Beck* with him) for the plaintiff.

---

[2] "Service Equipment" is defined in the Massachusetts Electrical Code as: "The necessary equipment, usually consisting of a circuit breaker or switch and fuses, and their accessories, located near the point of entrance of supply conductors to a building or other structure, or an otherwise defined area, and intended to constitute the main control and means of cutoff of the supply."