NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11563

SUPERINTENDENT-DIRECTOR OF ASSABET VALLEY REGIONAL VOCATIONAL SCHOOL DISTRICT  vs.  ANN MARIE SPEICHER.


Suffolk.     May 5, 2014. - September 11, 2014.

Present:  Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.


Arbitration, Authority of arbitrator, Judicial review, Award, School committee.  Education Reform Act.  Statute, Construction.  School and School Committee, Arbitration, Suspension from employment.  Public Employment, Suspension.



Civil action commenced in the Superior Court Department on May 18, 2011.

The case was heard by Paul E. Troy, J., on motions for judgment on the pleadings.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.


Tim D. Norris for the plaintiff.
Sheilah F. McCarthy for the defendant.
Will Evans & Quesiyah S. Ali, for Massachusetts Teachers Association, amicus curiae, submitted a brief.


SPINA, J.  In this case we are asked to decide whether an arbitrator exceeded his authority by reviewing the merits of a twenty-day suspension of a school librarian having professional

teacher status. The librarian had been suspended for "conduct unbecoming" the librarian, pursuant to G. L. c. 71, § 42D. The arbitrator applied a just cause standard of review and overturned the suspension on the ground that the school district failed to meet its burden of proof. The school district filed an action to vacate the arbitrator's award under G. L. c. 150C, § 11, and for declaratory relief under G. L. c. 231A. A judge in the Superior Court denied the school district's motion for judgment on the pleadings, and allowed the librarian's cross-motion for judgment on the pleadings, thereby confirming the arbitrator's award. The school district appealed, and we transferred the case from the Appeals Court on our own motion. We hold that the arbitrator did not exceed his authority by reviewing the merits of the suspension. We further hold that the proper standard of review is whether the district sustained its burden of proving by a preponderance of the evidence the particular reason cited for the suspension. We affirm the judgment of the Superior Court.[1]

1. Background. The librarian, Ann Marie Speicher, had been employed as a school librarian for at least three consecutive school years by the Assabet Valley Regional School District (district) as of October 29, 2009. As such, she was considered a "teacher" under G. L. c. 71, § 41, and entitled to

---

[1] We acknowledge the amicus brief filed by the Massachusetts Teachers Association in support of Ann Marie Speicher.

professional teacher status under G. L. c. 71 § 42. A district employee with professional teacher status may seek review of a suspension by following the arbitration procedures set forth in § 42. See G. L. c. 71, § 42D.

The district superintendent, based on an investigation conducted by Speicher's principal, suspended Speicher without pay for twenty days for conduct deemed by the superintendent to be unbecoming a "teacher." The superintendent determined that Speicher had vouched for a student's presence in the library for an amount of time in excess of the time the student actually was in the library -- time that otherwise would have constituted the student's unexcused absence from a classroom. Before being suspended, Speicher was afforded all the procedural steps and safeguards set forth in G. L. c. 71, § 42D, including a predisciplinary meeting with the superintendent.

Speicher sought review of the suspension by an arbitrator, pursuant to § 42D.[2] The district maintained at arbitration that the scope of arbitration was limited to the question whether Speicher received the procedural due process safeguards set forth in § 42D, and not a review of the merits of her suspension. Speicher, in contrast, contended that she was entitled to a review of the merits of the suspension decision,

---

[2] The arbitration proceeded pursuant to statute, namely, G. L. c. 71, § 42D, and not pursuant to a collective bargaining agreement.

and that the standard of review should be "just cause."  The arbitrator conducted an evidentiary hearing, and he considered the merits of the suspension.  He made findings of fact and rulings of law.  He applied a "just cause" standard and concluded that the district had failed to sustain its burden of proof as to whether Speicher had in fact vouched for the student, as alleged.  He determined that Speicher's twenty-day suspension violated § 42D and must be rescinded, that Speicher should be made whole for all lost wages and benefits resulting from the suspension, and that all references to the suspension should be removed from her personnel file.  In confirming the arbitrator's award, the Superior Court judge concluded that the arbitrator was not shown to have exceeded his authority by reviewing the merits of the suspension, reasoning that nothing in § 42D prohibited the arbitrator from reviewing the superintendent's decision.

2.  Statutory framework.  General Laws c. 71, § 42D, the teacher suspension statute, states:

> "The superintendent may suspend any employee of the school district subject to the provisions of this section.  The principal of a school may suspend any teacher or other employee assigned to the school subject to the provisions of this section.  Any employee shall have seven days written notice of the intent to suspend and the grounds upon which the suspension is to be imposed; provided, however, that the superintendent may, for good cause, require the immediate suspension of any employee, in which case the employee shall receive written notice of the immediate suspension and the cause therefor at the time the suspension is imposed.  The employee shall be entitled (i)

to review the decision to suspend with the superintendent or principal if said decision to suspend was made by the principal; (ii) to be represented by counsel in such meetings; [and](iii) to provide information pertinent to the decision and to the employee's status.

"No teacher or other employee shall be suspended for a period exceeding one month, except with the consent of the teacher or other employee, and no teacher or other employee shall receive compensation for any period of lawful suspension.

"No teacher shall be interrogated prior to any notice given to him relative to the suspension unless the teacher or other employee is notified of his right to be represented by counsel during any such investigation. A suspended teacher or other employee may seek review of the suspension by following the arbitration procedures set forth in [§ 42, the teacher dismissal statute]. Nothing in this section shall be construed as limiting any provision of a collective bargaining agreement with respect to suspension of teachers or other employees." (Emphasis added.)

General Laws c. 71, § 42, the teacher dismissal statute,

states:

"A principal may dismiss or demote any teacher or other person assigned full-time to the school, subject to the review and approval of the superintendent; and subject to the provisions of this section, the superintendent may dismiss any employee of the school district. . . .

"A teacher with professional teacher status, pursuant to [§ 41], shall not be dismissed except for inefficiency, incompetency, incapacity, conduct unbecoming a teacher, insubordination or failure on the part of the teacher to satisfy teacher performance standards developed pursuant to [§ 38] of this chapter or other just cause.

"A teacher with professional teacher status may seek review of a dismissal decision within thirty days after receiving notice of his dismissal by filing a petition for arbitration with the commissioner. . . .

"At the arbitral hearing, the teacher and the school district may be represented by an attorney or other

representative, present evidence, and call witnesses and the school district shall have the burden of proof.  In determining whether the district has proven grounds for dismissal consistent with this section, the arbitrator shall consider the best interests of the pupils in the district and the need for elevation of performance standards. . . .

"The arbitral decision shall be subject to judicial review as provided in [c. 150C]."  (Emphases added.)

Sections 42 and 42D as quoted above reflect amendments made by the Education Reform Act of 1993 (act) to provide for arbitration of dismissals and suspensions, among the many other features of the act.  See St. 1993, c. 71, §§ 44, 47.

3.  Discussion.  The district contends that the plain language of G. L. c. 71, § 42D, which contains no standard of review, contemplates only arbitral review of the procedures followed by the superintendent in cases of teacher suspension, and not arbitral review of the merits of the suspension. Speicher argues that notwithstanding the absence of a standard of review in § 42D, the language of that statute that affords suspended employees "review of the suspension" means that she was entitled to arbitral review of the merits of her suspension. Speicher further contends that the arbitrator correctly employed a "just cause" standard of review because it was reasonable to do so where § 42D is silent as to the standard of review.

"Absent proof of one of the grounds specified in G. L. c. 150C, § 11, a reviewing court is 'strictly bound by the arbitrator's factual findings and conclusions of law, even if

they are in error.'"  School Comm. of Lowell v. Robishaw, 456 Mass. 653, 660-661 (2010), quoting School Comm. of Pittsfield v. United Educators of Pittsfield, 438 Mass. 753, 758 (2003).  One such ground for vacating an award is that the arbitrator exceeded his authority.  G. L. c. 150C, § 11 (a) (3).  Where, as here, "the source of authority to arbitrate . . . is a statute, and not an agreement, judicial review of an arbitrator's interpretation of the meaning of the authorizing statute . . . and the scope of his or her authority thereunder is broader and less deferential than in cases involving judicial review of an arbitrator's decision relating to similar issues arising out of an agreement of the parties."  Atwater v. Commissioner of Educ., 460 Mass. 844, 856-857 (2011).  See School Dist. of Beverly v. Geller, 435 Mass. 223, 229 (2001) (Cordy, J., concurring).

We begin our analysis with perhaps two of the most familiar rules of statutory construction.  First, "a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purposes of its frames may be effectuated," Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 382 Mass. 580, 585 (1981), quoting Board of

Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975); and second, "[t]he statutory language itself is the principal source of insight into the legislative purpose." Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, supra, citing Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977).

Turning to the statute, § 42D provides that any employee who has been suspended thereunder may seek "review of the suspension." The statute further specifies that the form of review is "arbitration," and the "procedures" for seeking review are "set forth in [§ 42]." Section 42 contains the phrase "review of a dismissal decision," and no one suggests that a "review" under § 42 means anything but full arbitral review of the merits of the dismissal. The word "review" (by arbitration) was added to both §§ 42 and 42D by the act. Where the word "review" appears in these related sections of the same statutory enactment, it should be given the same meaning in both sections. See Hallett v. Contributory Retirement Appeal Bd., 431 Mass. 66, 69 (2000) ("Where words in a statute are used in one part of a statute in a definite sense, they should be given the same meaning in another part of the statute"). In this context "review of the suspension" means review of the decision to suspend. Stated otherwise, and contrary to the district's

argument, it means review of the merits of the suspension as well as the procedures followed to reach the decision.

Moreover, we said in Atwater v. Commissioner of Educ. that "the changes to the dismissal process for teachers with professional teacher status reflect a legislative judgment that it was in the public interest to 'depoliticize[e] and streamlin[e] the dismissal process by requiring that contested dismissals proceed directly to arbitration.'" 460 Mass. at 856, quoting Geller, 435 Mass. at 225 n.1 (Cordy, J., concurring). The same reasoning applies to suspensions, particularly where dismissals and suspensions were addressed at the same time by the Legislature. We note that arbitration of the merits of a suspension would further the legislative goal of depoliticizing the disciplinary process, whereas disallowing arbitration of a suspension would have the opposite effect.

Finally, although not as consequential as dismissals, suspensions are nonetheless serious enough to warrant review, as they can have significant future consequences. Here, in addition to her twenty-day suspension, Speicher was warned that any further misconduct would result in dismissal. For these reasons, we conclude that the arbitrator acted within his authority when he considered the merits of Speicher's suspension.

We next turn to the standard of review.  The standard of review is a question of law.  If the arbitrator applied an incorrect standard of review, that error generally is not reviewable.  See School Comm. of Lowell v. Robishaw, 456 Mass. at 660.  However, because the issue of the correct standard of review has been briefed fully by parties, is a matter of public importance, and is likely to recur, we address it.  See Smith v. McDonald, 458 Mass. 540, 543 n.4 (2010).  The parties have observed correctly that § 42D does not contain a standard of review.  However, § 42D has incorporated by specific reference those portions of § 42 that govern the arbitral procedure for reviewing dismissals of school district employees.  This is an appropriate legislative procedure.  See 1A N.J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 22:25 (7th ed. 2012); 2B Singer & Singer, supra at §§ 51:7, 51:8.  It is not without complication.  "A statute of specific reference incorporates provisions as they exist at the time of adoption, without subsequent amendments, unless a legislature has expressly or by strong implication shown its intention to incorporate subsequent amendments with the statute.  In the absence of such intention, subsequent amendment of the referred statute has no effect on the reference statute."  2B Singer & Singer, supra at § 51:8 (footnotes omitted).  See Salem & Beverly Water Supply Bd. v. Commissioner of Revenue, 26 Mass.

App. Ct. 74, 77-78 (1988). Here, the arbitral procedure of § 42 was specifically incorporated by reference in § 42D by St. 1993, c. 71, § 47. Section 42 has since been amended, but the amendment does not relate to the subject matter of this appeal, and the amendment does not take effect until September 1, 2016. See St. 2012, c. 131, § 3.

The arbitral procedures of § 42 in turn incorporate the standard of review set forth within that section, which places the burden of proof on the school district. Section 42 further provides that when determining whether the district has met its burden of proof, the arbitrator must focus upon the "grounds for dismissal consistent with this section."[3] Thus, the permissible grounds for dismissal under § 42 also are incorporated by reference into the arbitral procedures set forth in § 42, and they apply to suspensions under § 42D. The grounds for discipline enumerated in § 42, are "inefficiency, incompetency, incapacity, conduct unbecoming a teacher, insubordination or failure on the part of the teacher to satisfy teacher performance standards developed pursuant to [§ 38] of this

---

[3] Section 42, fifth par., states that, "[i]n determining whether the district has proven grounds for dismissal consistent with this section, the arbitrator shall consider the best interests of the pupils in the district and the need for elevation of performance standards." Arbitrators also should consider these factors when reviewing suspensions pursuant to § 42D.

chapter <u>or other just cause</u>" (emphases added).[4]  In the context of § 42, the enumerated grounds for discipline constitute just cause for discipline, in addition to "other just cause."  See <u>Geller</u>, 435 Mass. at 233 (Cordy, J., concurring).  Thus, when reviewing a suspension, the statute requires an arbitrator to determine (1) whether the district sustained its burden of proving that the teacher committed the conduct alleged, and (2) whether the conduct alleged is serious enough to meet an enumerated ground providing just cause for suspension, i.e., not trivial misconduct.  See <u>School Comm. of Lexington</u> v. <u>Zagaeski</u>, 469 Mass. 104, 117 (2014), citing <u>Geller</u>, 435 Mass. at 231 n.7 (Cordy, J., concurring).  The statute does not, however, empower an arbitrator to substitute his judgment for that of the superintendent as to the level of discipline that is warranted, according to some generalized notion of "just cause."  See <u>Zagaeski</u>, <u>supra</u> at 115-116; <u>Geller</u>, <u>supra</u> at 231, 234 (Cordy, J., concurring).

Here, the arbitrator did not act in excess of his authority by reviewing the merits of Speicher's suspension and concluding that the district had not met its burden of proving the alleged just cause for suspension.

<u>Judgment affirmed</u>.

---

[4] Although these grounds apply to suspensions as well as dismissals, the seriousness or egregiousness of the misconduct or omission necessarily will affect the nature and degree of the discipline.