COMMONWEALTH vs. JOSEPH T. MALONEY.

Suffolk.   October 7, 1981. — January 14, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law*, Double jeopardy.  *Practice, Criminal*, Probable
cause hearing, Double jeopardy.

Where a District Court judge heard evidence against a defendant on a
charge of assault by means of a dangerous weapon and against a code-
fendant on a charge of assault and battery by means of a dangerous
weapon, but neither the judge nor the prosecutor indicated whether
the hearing was to be a trial on the merits or a probable cause hearing,
the proceeding was a trial on the merits and jeopardy attached, even
though the clerk of court expressly stated that the judge would most
likely decline jurisdiction over the defendant's case, and the District
Court lacked jurisdiction over the charge against the codefendant.
[89-90]

INDICTMENT found and returned in the Superior Court on
August 4, 1977.

A motion to dismiss was heard by *Keating*, J., and the
case was tried before him.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Hugh W. Samson* for the defendant.

*Michael J. Traft*, Assistant District Attorney (*Peter Muse*,
Legal Assistant to the District Attorney, with him) for the
Commonwealth.

HENNESSEY, C.J.   The defendant appeals from his convic-
tion in the Superior Court for assault by means of a danger-
ous weapon, on the ground that he was previously placed in
jeopardy for the same offense in the Municipal Court of the
Roxbury District.   The appeal was transferred to this court
on our own motion. We conclude that jeopardy had attached

and thus we reverse the judgment of conviction and order that the indictment be dismissed.

The facts are not in dispute. The defendant was arraigned on April 21, 1977, in the Municipal Court of the Roxbury District on a complaint charging assault by means of a dangerous weapon. Also arraigned that day was one Willie Perretti, who was charged with assault and battery by means of a dangerous weapon. Both charges emanated from a racial altercation involving at least four persons; however, the incidents themselves were separate. There was testimony that Perretti threw a bottle at one Merrill Boyd and injured his eye. There was further testimony that the defendant Maloney tried to hit Boyd and another person, William Beck, with his automobile. The cases were called jointly before a District Court judge on July 11, 1977. At that time a District Court had jurisdiction over an assault by means of a dangerous weapon concurrently with the Superior Court (G. L. c. 218, § 26, as amended through St. 1976, c. 235; G. L. c. 265, § 15B); it did not have jurisdiction over the crime of assault and battery by means of a dangerous weapon (G. L. c. 218, § 26[1]), charged against Willie Perretti. G. L. c. 265, § 15A. The defendant's attorney presumed that there was about to be a trial on the merits. However, when he approached the attorney's table, the clerk stated, "Most likely the court would decline jurisdiction on the assault by means." Neither the judge nor the prosecutor said anything regarding whether the hearing was to be a trial on the merits or a probable cause hearing. Upon hearing the clerk's statement, defense counsel "was not sure what was happening"; nevertheless, he proceeded as if the hearing were a trial, apparently thinking that the judge would accept jurisdiction because there were two separate incidents involved. At the conclusion of the hearing the District Court judge stated that, with respect to each de-

---

[1] General Laws c. 218, § 26, has since been rewritten to include assault and battery by means of a dangerous weapon as being within the jurisdiction of the District Courts. St. 1980, c. 122.

fendant, he would "find probable cause on the assault and battery [as to Perretti] and decline jurisdiction on the assault [as to Maloney]." The defendant was bound over to the grand jury who subsequently returned an indictment charging the defendant with assault by means of a dangerous weapon.

The defendant moved in the Superior Court to dismiss the indictment on the ground that he had already been tried in the District Court, and that another trial would place him in double jeopardy. The motion was denied, and thereafter the defendant was tried (along with Perretti) and convicted of assault by means of a dangerous weapon. The defendant was sentenced to five years' probation.

This case presents the same issue faced by this court in *Commonwealth* v. *Clemmons*, 370 Mass. 288, 290-291 (1976), namely, whether the proceeding in a District Court constituted a trial on the merits. If a probable cause hearing was being conducted, no jeopardy would attach. *Id. Commonwealth* v. *Britt*, 362 Mass. 325, 330 (1972). *Commonwealth* v. *Mahoney*, 331 Mass. 510, 511-512 (1954). See *Burhoe* v. *Byrne*, 289 F. Supp. 408, 411 (D. Mass. 1968). Under the rule, as first stated in *Corey* v. *Commonwealth*, 364 Mass. 137, 141-142 n.7 (1973), if a District Court has jurisdiction of a case concurrently with the Superior Court, a District Court judge must indicate, before the hearing commences, whether he is conducting a probable cause hearing or a full trial on the merits. In *Commonwealth* v. *Clemmons, supra* at 291, we inferred that a trial on the merits was being held where the judge gave no indication that he might decline jurisdiction, and where the defendant had every reason to believe that a trial was being conducted. See *Commonwealth* v. *Mesrobian*, 10 Mass. App. Ct. 355 (1980); *Commonwealth* v. *Crosby*, 6 Mass. App. Ct. 679 (1978). The Commonwealth argues that the instant case is distinguishable because two factors served to put the defendant on notice that a probable cause hearing was being conducted. First, the clerk of the court expressly stated that the judge would most likely decline jurisdiction over the de-

fendant Maloney's case. Second, it argues, and we take notice, that it is not unusual, in a case where there are codefendants and one of them is charged with a crime that is not within the jurisdiction of a District Court, that both defendants will be bound over for trial in the Superior Court. See K.B. Smith, Criminal Practice and Procedure § 686 (1970).

We do not agree with the Commonwealth's arguments. We affirm our prior decisions requiring a District Court judge to announce, before a hearing commences, whether he is conducting a probable cause hearing or a trial on the merits. We note that this requirement is also emphasized in the Standards of Judicial Practice, Trials and Probable Cause Hearings in the District Court Department § 1:03 (November, 1981). The result here is controlled by our reasoning in *Clemmons*. The surmise of the clerk, expressed privately to defense counsel, was not sufficient to satisfy the *Corey* requirement. We add that, of course, it would be sufficient under *Corey* if the clerk, in the judge's presence, had informed counsel and the defendant that the proceeding was a probable cause inquiry.

We conclude that a trial on the merits was conducted in the District Court, and that, therefore, jeopardy attached. Accordingly, the judgment of the Superior Court is reversed, the verdict set aside, and the indictment is to be dismissed.

*So ordered.*