388 Mass. 115 (1983)
445 N.E.2d 1043
COMMONWEALTH
vs.
DARRELL B. GRAHAM.
Supreme Judicial Court of Massachusetts, Suffolk.
November 3, 1982.
January 31, 1983.
Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.
Ellen K. Wade (Henry F. Owens, III, with her) for the defendant.
*116 Charles M. Campo, Assistant District Attorney (Muriel Ann Finnegan, Special Assistant District Attorney, with him) for the Commonwealth.
LIACOS, J.
On November 20, 1981, the defendant, Darrell B. Graham, was indicted by a Suffolk County grand jury for violation of the statute prohibiting anyone from deriving support and maintenance from the earnings and the proceeds of a prostitute. G.L.c. 272, § 7. The defendant filed a motion to dismiss the indictment on January 28, 1982, alleging in part that, because he had already been tried by the Municipal Court of the City of Boston for the same offense, the prohibition against double jeopardy bars any further prosecution in the Superior Court. The parties filed a joint motion for a report of questions of law to the Appeals Court. The motion was granted.[1] Mass. R. Crim. *117 P. 34, 378 Mass. 905 (1979). We transferred the report of questions of law here on our own motion.[2]
The facts agreed upon by the parties were adopted by the Superior Court judge. On July 22, 1981, the defendant, having waived his right to an initial trial by jury, was brought to trial before a judge of the Municipal Court. The defendant pleaded not guilty. With all parties proceeding with the understanding that a trial, not a probable cause hearing, was being held, trial on the merits was held. At the conclusion of the one-day trial, the judge found the defendant guilty as charged and sentenced him to a term of two years in a house of correction. The defendant claimed a de novo appeal to the jury of six session of the Municipal Court.
Two months later the Commonwealth filed a motion to vacate the finding and disposition of the Municipal Court alleging the court's lack of jurisdiction over the offense. The Commonwealth argued that the Municipal Court did not have jurisdiction of violations of G.L.c. 272, § 7, because of an amendment to the statute, St. 1980, c. 409, which was and still is in effect. Over the defendant's objection, the judge granted the motion of the Commonwealth, revoked the sentence, vacated the guilty finding, entered a finding of probable cause, and bound the defendant over for the grand jury. The defendant was indicted for the same offense on November 20, 1981. After his arraignment in the Superior Court, the defendant filed his motion to dismiss the indictment.
We turn to the reported questions, not all of which we need answer. The first question we must address is whether *118 the Municipal Court (or the District Court) has original and concurrent jurisdiction over the felony of deriving support and maintenance from a prostitute, defined by G.L.c. 272, § 7. The answer to this question is largely dispositive of the questions reported. We conclude that the Municipal Court and the District Courts of the Commonwealth have original subject matter jurisdiction, concurrent with the Superior Court, over the felony set forth in G.L.c. 272, § 7.
1. Jurisdiction of the District Court. The District Courts, including the Municipal Court, "have original jurisdiction, concurrent with the superior court, of ... all felonies punishable by imprisonment in the state prison for not more than five years." G.L.c. 218, § 26, as appearing in St. 1981, c. 470. A felony is statutorily defined as "[a] crime punishable by ... imprisonment in the state prison." G.L.c. 274, § 1.[3] The punishment provision of G.L.c. 272, § 7, as appearing in St. 1980, c. 409, provides that violators "shall be punished by imprisonment in the state prison for a period of five years and by a fine of five thousand dollars. The sentence of imprisonment imposed under this section shall not be reduced to less than two years...." Although G.L.c. 272, § 7, describes a felony, it imposes a maximum punishment in a State prison for exactly five years and no more than five years. Thus, the Municipal Court of the City of Boston, on the face of the statute, had jurisdiction over the complaint charging Graham with violating G.L.c. 272, § 7. See Commonwealth v. Woolford, 108 Mass. 483, 484 (1871) (jurisdiction exists only where both maximum and minimum penalties are within authority of court).
The Commonwealth, however, argues that the Municipal Court did not have jurisdiction over the offense because of the combined effect of St. 1980, c. 409, amending G.L.c. 272, § 7, and G.L.c. 218, § 27. General Laws c. 218, *119 § 27, spells out the power of the District Courts to impose penalties, stating, "They may impose the same penalties as the superior court for all crimes of which they have jurisdiction, except that they may not impose a sentence to the state prison" (emphasis supplied). The Commonwealth interprets this section to limit the jurisdiction of the District Courts to felonies where the Legislature has provided for an alternative punishment other than imprisonment in State prison. Because St. 1980, c. 409, stiffened the penalty for deriving support from a prostitute and deleted an alternative punishment of imprisonment to a house of correction,[4] the Commonwealth maintains that the State Legislature intended to remove G.L.c. 272, § 7, from the jurisdiction of the District Courts.[5]
While it is true that criminal jurisdiction must include the power to impose sentences, Hopkins v. Commonwealth, 3 Met. 460, 462 (1842), we disagree with the statutory analysis offered by the Commonwealth.
Our analysis of the jurisdiction granted by the Legislature to the District Courts begins with the general rule that "a statute must be interpreted according to the intent of the Legislature... considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975), quoting Industrial Fin. Corp. v. State Tax Comm'n, 367 Mass. 360, 364 (1975). We have held that "where two or more statutes relate to the same subject matter, they should be construed *120 together so as to constitute an harmonious whole consistent with the legislative purpose.... The statutory language itself is the principal source of insight into the legislative purpose." Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 382 Mass. 580, 585 (1981). See James J. Welch & Co. v. Deputy Comm'r of Capital Planning & Operations, 387 Mass. 662, 666 (1982).
The plain language of the statutes indicates that G.L.c. 218, § 27, does not create or limit jurisdiction given by § 26. Section 26 is the statute creating and granting jurisdiction. The reference in G.L.c. 218, § 27, to "all crimes of which [District Courts] have jurisdiction" implies that G.L.c. 218, § 27, neither creates nor limits jurisdiction, but merely precludes a District Court from imposing a State prison sentence.
Statute 1973, c. 585 (as then amending G.L.c. 218, § 26), is entitled, "An Act increasing the criminal jurisdiction of the district courts," while St. 1924, c. 149 (G.L.c. 218, § 27), is entitled, "An Act increasing the powers of justices of district courts in the matter of sentences." While the title to an act cannot control the provisions of the statute, the title may be used for the purpose of ascertaining its proper limitations. See Breault v. Ford Motor Co., 364 Mass. 352, 353-354 n. 2 (1973); United Shoe Mach. Co. v. Duplessis Shoe Mach. Co., 155 F. 842, 847 (1st Cir.1907). By dealing with the power of the District Courts to sentence in a statute apart from the statute generally providing subject matter jurisdiction, the Legislature expressed its intent that G.L.c. 218, § 27, was not to determine jurisdiction, but rather that G.L.c. 218, § 26, determined jurisdiction over substantive offenses.
The fact that a statute does not specifically provide an alternative punishment to be imposed by a District Court is not fatal to the court's jurisdiction. We note that G.L.c. 218, § 26, refers to offenses under G.L.c. 266, § 17, as being within the jurisdiction of the District Courts. General Laws c. 266, § 17, provides that the breaking or entering *121 into a building in daytime with the intent to commit a felony is punishable "by imprisonment in the state prison for not more than ten years." No alternative punishment to a house of correction is provided. Yet, the Legislature has expressly given the District Courts jurisdiction over this offense but without providing for an optional or alternative sentence. The Commonwealth contends that, because the Legislature did not make express provision for the District Courts to have jurisdiction over G.L.c. 272, § 7, as it did for G.L.c. 266, § 17, it did not intend the District Courts to have jurisdiction over this felony. The Commonwealth has failed, however, to note that G.L.c. 218, § 26, lists a variety of crimes within the jurisdiction of the District Courts, including as one general category, "all felonies punishable by imprisonment in the state prison for not more than five years." General Laws c. 272, § 7, thus meets the requirements for subject matter jurisdiction. There was no reason for the Legislature to make additional express provision for jurisdiction by the District Courts over such a felony.
Legislative history also indicates that the Legislature did not intend G.L.c. 218, § 27, to have the effect of barring District Court jurisdiction over felonies for which the Legislature has not expressly prescribed an alternative punishment to State prison. As part of St. 1911, c. 176, § 1, the current §§ 26 and 27 were enacted as one section. The older language clearly indicates that the Legislature was aware of the ambiguity between the two provisions and that the length of punishment, not the place of punishment, determined jurisdiction.[6] See St. 1911, c. 176, § 1. The codification of the General Laws in 1921 separated the grant of jurisdiction and the power to impose penalties into the current §§ 26 and 27. Nothing indicates that the separation was intended to change the meaning of the two provisions.
*122 The historical progression of G.L.c. 218, § 26, further establishes that the Legislature did not intend the place of punishment of a crime to limit jurisdiction of the District Courts. Until 1937, the Legislature retained the statutory scheme which made the felony jurisdiction of the District Court dependent upon the maximum term of imprisonment permitted. In St. 1937, c. 301, § 1, the Legislature amended § 26 to provide that District Courts would have jurisdiction over only those felonies "for which a penalty of fine or imprisonment in a jail or house of correction is provided." The 1937 statute conformed with the interpretation the Commonwealth now presents, that a District Court only has jurisdiction over felonies where the statute violated specifically provides a sentence in a jail or house of correction. The Legislature, however, repealed the 1937 enactment in its 1938 session. Statute 1938, c. 365, § 1, returned jurisdiction to the pre-1937 statutory scheme, namely that District Courts have jurisdiction over "all felonies punishable by imprisonment in the state prison for not more than five years." Since then there has been no change in the conceptual basis of jurisdiction granted by G.L.c. 218, § 26. The only changes to G.L.c. 218, § 26, by later amendments have been to expand jurisdiction by District Courts over specific offenses that otherwise would be excluded. See St. 1981, c. 470; St. 1980, c. 122; St. 1976, c. 235; St. 1973, c. 585; St. 1969, c. 496; St. 1964, c. 140; St. 1962, c. 722, § 8; St. 1958, c. 138. See also St. 1978, c. 478, § 187 (Court Reorganization Act).
Based on the plain words of the statutes, the titles of the acts relating to the statutes, the example of the special provisions of G.L.c. 218, § 26, and the legislative history, we conclude that the amendment of G.L.c. 272, § 7, by St. 1980, c. 409, does not reflect a legislative intent to transfer the jurisdiction of this crime to the Superior Court exclusively. We hold, therefore, that a District Court has original and concurrent jurisdiction over violations of G.L.c. 272, § 7, as amended. Accordingly, we answer the first reported question in the affirmative. We turn next to the *123 second question: "[W]hat penalty may the District Court impose in light of M.G.L.c. 218 § 27?"
2. Penalty the District Courts may impose. Ordinarily, we would not address the second question reported to us because the case is capable of disposition without further discussion by us on this issue.[7] Nevertheless, we set forth some guidelines for the District and Municipal Courts to follow because the issue presented here is one apt to arise frequently. As noted before, under G.L.c. 218, § 27, the District Courts lack the power to impose a State prison sentence. On its face, a felony, such as G.L.c. 272, § 7, which has no alternative sentence, requires a prison sentence which a District Court is powerless to impose. We read G.L.c. 272, § 7, however, in such a manner as to allow a District Court to impose an alternative sentence to other than a State prison, although the statute itself does not expressly provide for such a sentence.
By definition, unless the context otherwise requires, only the Massachusetts Correctional Institution at Walpole (M.C.I. Walpole) is a State prison. G.L.c. 125, § 1 (o). Thus, G.L.c. 218, § 27, bars imposition by the District Courts of sentences to M.C.I. Walpole. As applied to G.L.c. 272, § 7, however, the statute taken as a whole demonstrates that the Legislature could not have intended those convicted of deriving support from a prostitute could only be sent to M.C.I. Walpole. General Laws c. 272, § 7, provides that a sentence of imprisonment can be reduced to two years. The minimum sentence to M.C.I. Walpole is two and one-half years. G.L.c. 279, § 24. Such an internal *124 ambiguity surrounding a sentence to State prison "may well indicate the Legislature's use of the statutory shorthand for a felony, rather than an intent to preclude a Concord sentence." Commonwealth v. Hayes, 372 Mass. 505, 511 (1977). Thus, G.L.c. 272, § 7, and G.L.c. 218, § 27, must be read in context with other relevant statutes to give the District Courts the discretion to sentence offenders to other correctional facilities such as M.C.I. Concord.[8] See Fourth Report of the Judicial Council, Pub. Doc. No. 144, at 44-45 (Nov.), reprinted in 14 Mass. L.Q. (No. 3, 1928). Cf. Gallagher, Reforming the District Court System in Massachusetts, 6 Suffolk U.L. Rev. 843, 843 n. 3 (1972). But see Commonwealth v. Jackson, 369 Mass. 904, 922-923 (1976).
General Laws c. 279, § 31, authorizes a District Court to sentence certain offenders to a "correctional institution."[9] A "correctional institution" is defined by G.L.c. 125, § 1 (d), (e), and (n). M.C.I. Concord is included. In a case interpreting a statute with punishment provisions similar to those of G.L.c. 272, § 7, this court held G.L.c. 279, § 31, to be applicable unless the Legislature expressly prohibits alternative sentencing. See Commonwealth v. Hayes, supra at 509-510.[10]
*125 The Commonwealth argues that a sentence to M.C.I. Concord is prohibited. The theory presented by the Commonwealth invokes the doctrine of implied repeal of G.L.c. 279, § 31, with respect to offenses under G.L.c. 272, § 7. The Commonwealth contends that, by deleting any reference to an alternative sentence, the Legislature impliedly had prohibited the application of G.L.c. 279, § 31, to G.L.c. 272, § 7. To a similar argument the Hayes court stated, "In the absence of express statutory directive, it seems prudent to avoid a doctrine of implied repeal which might ultimately deprive G.L.c. 279, § 31, of vitality." Commonwealth v. Hayes, supra at 511. See Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 382 Mass. 580, 585 (1981). The logic of the Hayes decision is equally applicable to the situation before us. The longstanding test for the principle of implied repeal is whether the prior statute is so repugnant to, and inconsistent with, the later enactment that both cannot stand. Only then is the former statute repealed. See Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, supra at 586; Commonwealth v. Hayes, supra; Commonwealth v. Flannelly, 15 Gray 195, 195 (1860). It is not necessary to find that the Legislature impliedly repealed G.L.c. 279, § 31, to give meaning to the punishment provision in G.L.c. 279, § 7. "[W]e do not think that the Legislature would repeal by implication the Commonwealth's basic sentencing structure." Commonwealth v. Marrone, 387 Mass. 702, 706 (1982). We conclude that, absent an explicit limitation on the application of G.L.c. 279, § 31, to felonies where no penalties other than State prison penalties are provided, a District Court has the discretion to sentence those who commit such felonies to correctional facilities other than State prison. We answer the second *126 reported question that the penalty of from two to five years' imprisonment (and a fine) may be imposed by a District Court. G.L.c. 279, § 33. The place of imprisonment may be as provided by G.L.c. 279, § 31, namely, to a correctional institution of the Commonwealth other than M.C.I. Walpole.
3. Status of the cause of action. When a full trial on the merits by a court having competent jurisdiction had begun against Graham, jeopardy attached. See Commonwealth v. Clemmons, 370 Mass. 288, 291-292 (1976). There is no disagreement between the parties that a trial on the merits was conducted by the Municipal Court.[11] This being the case, the defendant has satisfied his burden of establishing that he had been put in jeopardy at an earlier trial for the same offense. See Commonwealth v. Lovett, 374 Mass. 394 (1978). It is clear that, since the Municipal Court had jurisdiction of offenses under G.L.c. 272, § 7, further prosecution by the Superior Court is barred by the double jeopardy provisions in the United States Constitution as applied to the States. See Green v. United States, 355 U.S. 184, 187-188 (1957); Commonwealth v. Lovett, supra at 397. We order the indictment in the Superior Court to be dismissed.
The defendant contends further that the guilty finding and sentence by the Municipal Court cannot be reimposed because, as a result of the revocation and vacation of judgment by the Municipal Court, the final finding by the judge of probable cause is controlling and cannot be acted upon without violating the double jeopardy prohibition. The defendant, however, overlooks the fact that the action of the judge who had presided over the jury-waived session was a nullity.[12]
*127 An appeal by a defendant from a District Court jurywaived session to a jury session of the District Court divests the power to revise or revoke the sentence by the judge who imposed the original sentence. See Reporters' Notes to Mass. R. Crim. P. 29, Mass. Ann. Laws, Criminal Procedure at 474 (1979). Cf. Enbinder v. Commonwealth, 368 Mass. 214, 218 (1975). Here, the defendant had sought a de novo appeal to a jury of six session of the Municipal Court two months before the revocation of sentence requested by the Commonwealth was granted by the judge. The authority of the judge who had presided over the jury-waived session to grant the Commonwealth's request was removed by the defendant's appeal. The action remains at the status quo before the Commonwealth presented its motion for revocation and vacation of judgment.
The report of questions is remanded to the Superior Court where the defendant's motion to dismiss the indictment is to be allowed. The Commonwealth may move in the Municipal Court of the City of Boston to revoke the order revoking the conviction. The defendant's appeal to a jury of six session is reinstated.[13]
So ordered.
NOTES
[1] The questions reported are:

"1. Whether the District Court in light of MGL c. 218 § 26 ... has original jurisdiction concurrent with Superior Court over a violation of M.G.L.c. 272 § 7 as most recently amended by Chapter 409 of the Acts of 1980? ...
"2. If the District Court is found to have jurisdiction under M.G.L.c. 218 § 26, and a District Court Judge takes jurisdiction and after trial finds a Defendant guilty of a violation of M.G.L. c. 272 § 7; what penalty may the District Court impose in light of M.G.L.c. 218 § 27? ...
"3. If the District Court is found not to have jurisdiction, whether double jeopardy has attached due to procedures followed in the District Court?
"4. If the District Court is found to have jurisdiction over a violation of M.G.L.c. 272 § 7, and to have properly exercised that jurisdiction thereby trying the Defendant on the merits, such trial resulting in a finding of guilty and the imposition of a sentence and a de novo appeal, and then before the prosecution of the de novo appeal, due to ambiguities in the statute, the Defendant is bound over to Superior Court on the same complaint and indicted with that indictment subsequently being dismissed on District Court double jeopardy grounds; what then happens to the original cause of action?
"5. Is dismissal of this indictment required if the District Court is found to have violated the defendant's rights under Corey v. Commonwealth, 364 Mass. 137 (1973), and did such violation of Corey rule result in a violation of the defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under Articles X, XI and XII of the Massachusetts Declaration of Rights?
"6. Whether the violation of the rule established by Corey, supra violated the defendant's right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and by Article XII of the Declaration of Rights.
"7. Is Massachusetts G.L.c. 272, § 7, unconstitutionally void for vagueness, both on its face and as applied?
"8. Is Massachusetts G.L. ch. 272, § 7, unconstitutional, both on its face and as applied to this defendant, because it violates his rights under the First and Fourteenth Amendments to the United States Constitution to freely associate with others."
[2] The motion to dismiss is still pending and will be determined by our answers to the reported questions.
[3] See 8 Op. Att'y Gen. 342-344 (1927) (fact that the District Court cannot impose State prison sentence does not change nature of crime to misdemeanor if it exercises jurisdiction).
[4] The earlier version of G.L.c. 272, § 7, as appearing in St. 1977, c. 589, provided that a person who violated the statute "shall be punished by imprisonment in the state prison for not more than three years or in the house of correction for not more than one year or a fine of not more than one thousand dollars, or both."
[5] See Police Comm'r of Boston v. Municipal Court of the Dorchester Dist., 374 Mass. 640, 662-663 (1978) (jurisdiction of lower courts limited to that granted by Legislature); Commonwealth v. Leach, 246 Mass. 464, 470-471 (1923) (Legislature can fix, limit, change, and transfer jurisdiction of all existing courts except Supreme Judicial Court).
[6] Statute 1918, c. 257, § 420, amended St. 1911, c. 176, § 1, by inserting clarifying language.
[7] As we point out in part 3 infra, our conclusion that the District Court had jurisdiction to try the complaint, and the fact that the defendant was tried there, requires the motion to dismiss the indictment be granted on double jeopardy grounds. Commonwealth v. Maloney, 385 Mass. 87, 90 (1982). Contrast Commonwealth v. Lovett, 374 Mass. 394, 396-398 (1978). Additionally, we need not answer questions 3, 5, 6, 7, and 8. There is also some question whether a judge of the Superior Court may report the second question as to District Court procedures under Mass. R. Crim. P. 34, 378 Mass. 905 (1979), but, in the unusual circumstances of this case, we answer question 2 in the interests of judicial economy.
[8] In a footnote in his brief, the defendant offers G.L.c. 279, § 5, as alternative authority to impose a sentence to a house of correction or any other State correctional facility. If a statute provides no punishment for a crime, the District Court may impose a sentence conforming to the common usage and practice in the Commonwealth. G.L.c. 279, § 5. Since G.L.c. 272, § 7, is a felony for which a penalty is prescribed, G.L.c. 279, § 5, is inapposite.
[9] General Laws c. 279, § 31, as appearing in St. 1955, c. 770, § 99, provides: "A male not previously sentenced for felony more than three times, convicted of a crime punishable by imprisonment in any correctional institution of the commonwealth or by imprisonment in a jail or house of correction may be sentenced for an indefinite term. District courts shall have the same jurisdiction to sentence such person to a correctional institution of the commonwealth for an indefinite term as they have to sentence him to such jail or house of correction."
[10] The statute under examination by the court in Commonwealth v. Hayes, 372 Mass. 505 (1977), was the gun control law, G.L.c. 269, § 10 (d), as appearing in St. 1974, c. 649, § 2, providing for punishment of a third violation by imprisonment in the State prison for not less than seven years nor more than ten years. The Superior Court had imposed a seven-year sentence under G.L.c. 279, § 31, to M.C.I. Concord. We note that the minimum sentence prescribed by G.L.c. 272, § 7, is two years. Two-year sentences to M.C.I. Concord are permitted. See G.L.c. 279, §§ 32, 33.
[11] Because there is no ambiguity about whether a trial on the merits was conducted by the Municipal Court, we do not have to consider whether the Municipal Court had violated the rule of Corey v. Commonwealth, 364 Mass. 137 (1973). See Commonwealth v. Maloney, 385 Mass. 87, 89-90 (1982).
[12] We need not address here the issue of the authority of a judge to revise and revoke a sentence within sixty days "if it appears that justice may not have been done" without infringing on a defendant's right against being placed in double jeopardy. Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979). We have discussed this issue in Aldoupolis v. Commonwealth, 386 Mass. 260, 268 (1982).
[13] We reached no constitutional questions contained in the report as they are premature. We also imply no ruling on the constitutionality of the mandatory sentencing scheme set forth in St. 1980, c. 409, as that issue was not reported, nor has it been briefed by the parties. See Commonwealth v. Gagnon, 387 Mass. 567, 573-574 (1982); Commonwealth v. Marrone, 387 Mass. 702, 704 & n. 4 (1982).