COMMONWEALTH vs. ANTHONY FRIEND.[1]

Suffolk.  September 11, 1984. — October 5, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Probable cause hearing, Double jeopardy, Appeal. *Appeals Court,* Concurrent jurisdiction.

An appeal by the Commonwealth under G. L. c. 278, § 28E, from an order of the Superior Court dismissing an indictment or complaint must be taken to the Appeals Court. [311-314]
Where at the commencement of proceedings on two criminal complaints in a District Court defense counsel requested that the judge withhold his decision on whether to take jurisdiction until the end of the hearing and the judge announced that he would "reserve [his] ruling" before proceeding to hear witnesses, after which the judge found probable cause as to both complaints, the Commonwealth was not barred by double jeopardy principles from subsequently proceeding on indictments against the defendant in the Superior Court. [314-317]

INDICTMENTS found and returned in the Superior Court Department on May 16, 1983.

A motion to dismiss was heard by *Paul K. Connolly,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*David B. Mark,* Assistant District Attorney (*Kevin Connelly,* Assistant District Attorney, with him) for the Commonwealth.

*Milton L. Wright* for the defendant.

O'CONNOR, J. This is an appeal by the Commonwealth from an order of a Superior Court judge allowing the defendant's

---

[1] The court's opinion in this case was originally published *ante* 120 (1984). The court thereafter amended the opinion, on its own initiative, to state that an appeal by the Commonwealth under G. L. c. 278, § 28E, from an order of the Superior Court dismissing an indictment or complaint must be taken to the Appeals Court.

motion to dismiss the indictments against him on the ground of prior jeopardy in the District Court. We conclude that the prior proceeding in the District Court was not a trial on the merits and that jeopardy had not attached. Therefore, we reverse the order of the Superior Court dismissing the indictments.

The defendant, Anthony Friend, was arraigned in the Roxbury District Court on charges of breaking and entering in the daytime and assault and battery by means of a dangerous weapon. On April 4, 1983, a hearing was held in the District Court. At the beginning of that proceeding, the Commonwealth requested that the judge decline jurisdiction over the complaints and conduct a probable cause hearing. Defense counsel requested that the judge withhold his decision on whether to take jurisdiction until the end of the hearing. The judge announced he would "reserve [his] ruling," whereupon he heard testimony from two witnesses. The judge then found probable cause as to both complaints, and the defendant was bound over to the grand jury.

After the defendant was indicted on both charges, he moved for dismissal of the indictments in the Superior Court. A judge of the Superior Court granted the motion on the ground that the proceeding in the District Court was a trial on the merits and that jeopardy had attached. The Commonwealth appealed, and we transferred the appeal here on our own motion.

Before reaching the merits of the appeal, we first address the issue whether the Commonwealth's appeal was appropriately docketed in the Appeals Court. General Laws c. 278, § 28E, as appearing in St. 1979, c. 344, § 45, reads in part: "An appeal may be taken by and on behalf of the commonwealth . . . *from the district court to the appeals court* in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion to suppress evidence. An appeal may be taken by and on behalf of the commonwealth . . . *from the superior court to the supreme judicial court* in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or

(2) allowing a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure." (Emphasis added.) The statute appears to make a clear distinction between appeals from decisions in the District Court and appeals from decisions in the Superior Court. When the statute is read in isolation, the logical inference to be drawn from that distinction is that the Commonwealth's appeal from the allowance of a motion to dismiss in the Superior Court lies exclusively to this court. The statute, however, must be read in conjunction with G. L. c. 211A, § 10, as appearing in St. 1979, c. 344, § 2. That statute grants the Appeals Court "concurrent appellate jurisdiction with the supreme judicial court, to the extent review is otherwise allowable, with respect to a determination made in the superior court . . . (d) in criminal cases, irrespective of whether sentence has been imposed." That statute further provides: "Without regard to whether review is by appeal, bill of exceptions, report or otherwise, appellate review of decisions made in the superior, land or probate courts or the district courts in jury session, if within the jurisdiction of the appeals court, shall be in the first instance by the appeals court . . . ." Under G. L. c. 211A, § 10, the Appeals Court has concurrent jurisdiction over an appeal from the denial of a motion to dismiss an indictment, and the appeal must be docketed in that court. Because it is impossible to give full effect to the implications of G. L. c. 278, § 28E, and G. L. c. 211A, § 10, read separately, we must determine whether the wording of G. L. c. 278, § 28E, evidences an intent by the Legislature to limit the concurrent jurisdiction granted the Appeals Court by G. L. c. 211A, § 10. Examining both statutes in the context of the entire statutory scheme and the historical background of the relevant provisions, we conclude that G. L. c. 211A, § 10, is controlling, and that the appeal was properly docketed in the Appeals Court.

Most statutes authorizing appeals from decisions in the lower courts were originally drafted prior to the formation of the Appeals Court in 1972. The original versions of the statutes generally provided that a party "may appeal . . . to the supreme judicial court." See, e.g., G. L. c. 278, § 28 (Ter. Ed. 1932);

G. L. c. 231, § 96 (Ter. Ed. 1932). When the Appeals Court was established, rather than amend the various provisions which authorized appeals to this court, the Legislature, through G. L. c. 211A, § 10, granted the Appeals Court concurrent jurisdiction in certain cases and provided that appeal would be to that court in the first instance. Where the Appeals Court has concurrent jurisdiction with this court, G. L. c. 211A, § 10, requires that appeals under statutes authorizing appeal to the Supreme Judicial Court be entered in the Appeals Court.

From 1972, when the Appeals Court was formed, until 1979, when it was amended to its current form, G. L. c. 278, § 28E, read in part: "An appeal may be taken by and on behalf of the commonwealth . . . from the superior court to the supreme judicial court . . . ." St. 1967, c. 898, § 1. There was no provision in that statute for appeals from the District Court. As were appeals under other statutes employing the same language, appeals from the Superior Court under that statute were entered in the Appeals Court, because of G. L. c. 211A, § 10. In 1978, as part of the Court Reorganization Act, St. 1978, c. 478, the Legislature amended G. L. c. 278, § 18, so that a defendant's appeal for trial de novo from the nonjury session of the District Court was to the jury session of the District Court rather than to the Superior Court. St. 1978, c. 478, § 302. In order to authorize appeals from the jury sessions of the District Court, the Legislature amended G. L. c. 278, § 28E, by inserting the following paragraph: "An appeal may be taken by and on behalf of the commonwealth . . . from the district court to the appeals court . . . ." St. 1979, c. 344, § 45. The wording of that part of the statute authorizing appeals from the Superior Court to the Supreme Judicial Court remained essentially unchanged. The use of the words "to the appeals court" in the amended portion of the statute is consistent with the language the Legislature has used in drafting similar statutes after the formation of the Appeals Court. See, e.g., G. L. c. 231, § 113, as appearing in St. 1983, c. 575, § 9. We do not infer from the use of that language an intention to change the effect of the second paragraph of G. L. c. 278, § 28E, dealing with appeals from the Superior Court, which had been

interpreted to require entry of appeals in the Appeals Court. We therefore conclude that under G. L. c. 211A, § 10, an appeal by the Commonwealth from an order or decision dismissing an indictment in the Superior Court must first be entered in the Appeals Court. Having concluded that the Commonwealth's appeal was properly docketed in the Appeals Court, we now address the merits of the case.

The defendant argues, and the Superior Court judge held, that the defendant's indictments were improper because he had previously been put in jeopardy for the same offenses in the Roxbury District Court. The determination whether jeopardy attached in the District Court proceeding turns on whether that proceeding was a probable cause hearing (or other preliminary hearing) or a trial on the merits. If a preliminary hearing was being conducted, jeopardy would not attach. *Commonwealth v. Mahoney,* 331 Mass. 510, 511-512 (1954). *Burhoe v. Byrne,* 289 F. Supp. 408, 411 (D. Mass. 1968). If, however, the proceeding constituted a trial on the merits, jeopardy attached when the District Court judge began to hear evidence, *Serfass v. United States,* 420 U.S. 377, 388 (1975), and the dismissal of the indictments was proper.

The defendant relies on this court's decision in *Corey v. Commonwealth,* 364 Mass. 137 (1973), in which we stated that "a District Court judge should announce, *before the hearing commences,* whether he is conducting a probable cause hearing or a full trial on the merits" (emphasis in original). *Id.* at 142 n.7. Because the District Court judge failed to announce at the outset what the nature of the proceeding would be, the defendant asserts that *Corey* requires us to conclude that the proceeding was a trial on the merits. We do not agree that *Corey* and later cases interpreting it stand for that proposition.

The "*Corey* rule" resulted from this court's recognition that the practice of District Court judges of waiting until they had heard the prosecutor's evidence before deciding whether to conduct a trial on the merits or to decline jurisdiction created serious tactical problems for defense counsel. *Corey v. Commonwealth, supra* at 142 n.7. Fairness requires that the defendant know the nature of the proceeding against him so that he

may conduct his defense accordingly. *Corey* does not, however, establish a rule of constitutional implications. *Commonwealth* v. *Clemmons,* 370 Mass. 288, 291 n.2 (1976). Rather, when there is no indication at the outset of proceedings that the District Court judge is considering declining jurisdiction, *Corey* allows the defendant to infer that a trial on the merits is being conducted. *Commonwealth* v. *Maloney,* 385 Mass. 87, 89 (1982). *Commonwealth* v. *Clemmons, supra* at 291.

In both *Commonwealth* v. *Clemmons* and *Commonwealth* v. *Maloney,* we held that, because the District Court judge did not announce at the outset the nature of the proceeding, we would infer that the proceeding constituted a trial on the merits. In both cases, however, defense counsel reasonably believed that a trial on the merits was commencing. In *Clemmons,* a complaint had been issued against the defendant charging him with possession of heroin. The prosecutor, because he mistakenly believed that the complaint charged the defendant with possession with intent to distribute, a charge outside the jurisdiction of the District Court, thought that a probable cause hearing was to be held. Nothing was said about the nature of the proceedings, however, and it was not until evidence had been heard that the prosecutor's understanding was made known to the judge and the defendant. We noted that "there was every reason for the defendant to believe that a trial was being conducted." *Commonwealth* v. *Clemmons, supra* at 291 n.2. In those circumstances, the failure of the trial judge to announce the nature of the proceeding at the outset required that we infer that a trial on the merits had commenced, and that jeopardy had attached. Similarly, in *Commonwealth* v. *Maloney, supra,* neither the judge nor the prosecutor said anything regarding whether the hearing was to be a trial on the merits or a probable cause hearing. The defendant's attorney presumed there was about to be a trial on the merits. *Commonwealth* v. *Maloney,* 385 Mass. at 88.

In this case, defense counsel had no reason to presume that a trial on the merits had commenced. At the outset of the District Court proceeding, the prosecutor requested that the judge decline jurisdiction on both complaints and conduct a

probáble cause hearing. The defendant's attorney requested that the judge consider until the end of the hearing the possibility of retaining jurisdiction. After further discussion by both counsel, the judge stated that he was going to reserve his decision on that question. This exchange should have indicated to defense counsel that the judge was considering declining jurisdiction. *Commonwealth* v. *Clemmons, supra* at 291. In fact, at the close of the Commonwealth's evidence, defense counsel again requested that the judge retain jurisdiction, indicating that no assumption had been made that the hearing was a trial on the merits. Under these circumstances, *Corey* and its progeny do not require that we infer that a trial on the merits had commenced.

A contrary result would undermine the rationale behind the *Corey* rule. The *Corey* requirement that a District Court judge announce at the outset of a proceeding whether he will retain jurisdiction or will conduct a probable cause hearing is designed to enable defense counsel to select the tactics which counsel feels will most benefit the defendant. Ordinarily, defense counsel will want to know the nature of the proceeding before it begins. "If it is a probable cause hearing, his objective is discovery, and he will not ordinarily object to inadmissible evidence nor will he offer any evidence in the defendant's behalf. However, if the hearing is a trial on the merits, he will ordinarily try the case 'tight' and object to evidence and offer a defense." *Corey* v. *Commonwealth,* 364 Mass. at 142 n.7, quoting K.B. Smith, Criminal Practice and Procedure § 686 (1970). In some circumstances, however, defense counsel may decide that the District Court judge would be more likely to retain jurisdiction in a case if he has had an opportunity to hear evidence. Because the potential penalties facing the defendant are significantly less in the District Court, defense counsel may decide that the best tactic is to proceed with the hearing before a decision about retaining jurisdiction is made. Our decisions in *Corey* and in subsequent cases do not deny the defendant this option.

When a defendant requests that a District Court judge reserve his ruling on whether he will retain jurisdiction in a case, and

the defendant is on notice that the judge is considering declining jurisdiction, we will not infer that a trial on the merits has commenced. We conclude that the proceedings against the defendant in the District Court were in the nature of a preliminary hearing to determine probable cause, and that jeopardy did not attach. *Commonwealth* v. *Mahoney,* 331 Mass. 510, 511-512 (1954). Accordingly, the order of the Superior Court judge dismissing the indictments is reversed and the case is remanded for further proceedings.

*So ordered.*