Lauriat, J.
On October 22,1992, the defendant, Julio Rodriguez, was indicted by a Middlesex County Grand Jury on charges of possession of burglarious tools (93-199-001), attempted larceny over $250 (93-199-002), and breaking and entering in the nighttime with intent to commit a felony (93-199-003). The defendant has now moved to dismiss those indictments on double jeopardy grounds. For the reasons stated below, the defendant’s motion to dismiss is denied.
BACKGROUND
On November 9, 1992, the Lowell District Court (Travaline, J.), held an evidentiary hearing on certain criminal charges pending against the defendant which led to the present indictments against him.[1] Each of the criminal charges was within the concurrent jurisdiction of the district and superior courts.
At the outset of the hearing, the judge, the session clerk and counsel for the defendant discussed the sequestration of witnesses. (Tr. 4-6.) They did not, however, discuss whether the judge was declining final jurisdiction over the charges as permitted under G.L.c. 218, §30. The Commonwealth then called three witnesses who were examined and cross-examined. After the third witness was excused, the judge asked counsel to confirm his belief that the hearing was a trial of the charges, rather than a probable cause hearing. The following colloquy occurred among the judge, the clerk, the prosecutor and the defendant’s attorney:
Judge: . . . It’s kind of late but we’re on trial on this case. Is that correct?
Pros: It’s a probable cause hearing.
Judge: Why is it probable cause?
Pros: Judge, I believe that when the Clerk read the complaint initially I said that that matter had been taken care of in a First Session as far as the Court declined jurisdiction. When the Clerk read the complaint he said these matters are here for probable cause. So my understanding was that the Court understood that.
Judge: Is that a fair statement? Did you make that statement?
Clerk: I don’t remember if I said that or not, Judge. Pros: Your Honor, it’s my recollection of how it went.
Clerk: It was on my mind but I can’t tell you that I did it.
Pros: Judge Grasso said it.
Judge: I don’t know what Judge Grasso said. I’m sitting here on the case over which I have jurisdiction. I don’t know that anybody ever pointed out to me that I was hearing this case only on probable cause. I would be very specific in saying on the record that this case is now scheduled to commence on probable cause. So this case is on trial so far as I know.
Pros: Judge, again, I mean that went through my mind at the very beginning and normally I would have said, Your Honor, I’d ask just that the Court understand that the case is here for probable cause but Mr. Downs, as he generally does and again today, was very specific and gave you all the parties and indicating for the Court what this matter is here for, so I didn’t think at that point that there was any question whatsoever. So I didn’t address it.
Judge: I must have been distracted because I certainly would never have heard that the Clerk announced that this case was on for probable cause, because I would have reaffirmed that on the record. Do you have any recollection?
Clerk: To be honest, Judge, I can’t remember if I said it or not. I’ll have to get the tape out.
Judge: Well, I don’t want to have it go up or down on that. Are people telling me that there was some understanding that this case was here on probable cause?
Defendant’s Attorney: That was my understanding.[2]
The hearing thereupon continued to its conclusion, after which the judge found no probable cause and dismissed the charges against the defendant.[3]
In response to the defendant’s present motion to dismiss, the Commonwealth has submitted an affidavit from the prosecuting attorney at the hearing, as well as the audiotape recording of a hearing on these charges in the First Session of the Lowell District Court (Grasso, J.) that occurred on November 9, 1992. At the First Session hearing, Judge Grasso announced that he was declining jurisdiction on the charges, and declared that he was assigning the case to the Second
*90 Session be heard on probable cause. The court then referred the case to Judge Travaline for the evidentiary hearing which occurred that day.
DISCUSSION
At the outset of a hearing in the District Court on a criminal charge over which that court has concurrent jurisdiction with the Superior Court, a District Court judge is obligated to announce whether he is retaining or declining final jurisdiction over that charge. Commonwealth v. Clemmons, 370 Mass. 288, 291 n.2 (1976). If the District Court judge retains final jurisdiction, the proceeding constitutes a trial on the merits and jeopardy attaches. See, e.g., Commonwealth v. Friend, 393 Mass. 310, 314 (1984); Commonwealth v. Graham, 388 Mass. 115, 126 (1983). If, however, the judge declines final jurisdiction, the proceeding is a probable cause hearing and jeopardy does not attach. Commonwealth v. Clemmons, 370 Mass. 288, 290-91; Commonwealth v. Crosby, 6 Mass.App.Ct. 679, 681 (1978).
If there is no indication at the commencement of the proceeding concerning jurisdiction, the hearing is presumed to be a trial on the merits. Commonwealth v. Friend, 393 Mass. 310, 315 (1984). In a trial on the merits, jeopardy attaches the moment the judge begins to hear evidence. Clemmons, 370 Mass. 288, 291; Corey v. Commonwealth, 364 Mass. 137, 141 (1973).
Although there was no indication in the transcript of the evidentiary hearing on November 9, 1992 that the court had declined final jurisdiction prior to the commencement of the hearing, it is clear from the record that all parties, including counsel for the defendant, understood and agreed that the evidentiary hearing was a probable cause hearing. Where defense counsel has no reason to presume that the hearing is a trial on the merits, jeopardy does not attach. Commonwealth v. Friend, 393 Mass. 310, 314-15 (1984) (judge’s failure to announce nature of proceeding at outset does not require court to conclude proceeding was a trial on the merits).[4]
Moreover, the parties understood before the commencement of the evidentiaiy hearing before Judge Travaline that Judge Grasso, the presiding judge in the First Session that day, had declined final jurisdiction over the charges against the defendant. In such circumstances, Judge Travaline’s failure to indicate at the outset of the evidentiary hearing that he was conducting a probable cause hearing is not fatal to the Commonwealth’s present indictments. Nor can the defendant now rely on the apparent failure of the parties, including defense counsel, to inform Judge Travaline that Judge Grasso had already declined final jurisdiction on these charges. The defendant was fully and fairly apprised of the nature of the hearing that was about to commence, and his motion to dismiss the present indictments on double jeopardy grounds must fail.
ORDER
For the foregoing reasons, the Defendant’s Motion to Dismiss on Double Jeopardy Grounds is DENIED.

 A 97-page transcript of the audiotape recording of the evidentiary hearing is attached to Defendant’s Supplemental Affidavit in Support of Defendant’s Motion to Dismiss.

 Transcript of the evidentiary hearing, pp.59-60.

 The court did find probable cause on similar charges against three other defendants that were heard at the same time.

 The reasoning in Friend is equally applicable to the instant case, although the two cases are factually inapposite. The double jeopardy rule is based upon principles of fairness, rather than constitutional grounds. Commonwealth v. Friend, 393 Mass. at 314-15.