SARAH FITZPATRICK MANDEL *vs.* MARC E. MANDEL. December 15, 2003. *Divorce and Separation,* Child custody. *Practice, Civil,* Stay of proceedings.

Sarah Fitzpatrick Mandel appeals from an order of a single justice of this court denying her petition pursuant to G. L. c. 215, § 23, for an emergency stay of a Probate and Family Court order.[1] That order enforced a Maryland custody order that granted sole custody of two minor children to their father, Marc E. Mandel, and denied Sarah visitation.

The litigation surrounding the custody of the Mandel children has been extensive, but the issue currently before us is limited: whether the single justice abused his discretion in denying the stay. Marc claims that even this limited question has been rendered moot by recent events. In requesting the stay, Sarah sought to avoid the execution of the Massachusetts order enforcing the Maryland court's custody decision. However, that has now happened — the Massachusetts order was recently executed and the children returned to Marc's custody in Maryland. See, e.g., *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001) (appeal moot because hearing Rasten sought to have continued took place as scheduled). Cf. *Umina* v. *Malbica*, 27 Mass. App. Ct. 351, 354 (1989) (appeal from Probate and Family Court orders declining jurisdiction and issuing writ requiring children be produced in Colorado moot following conclusion of Colorado proceedings). Sarah has not articulated any substantive benefit that the issuance of a stay would provide her at this late date and in these circumstances. Therefore, we determine that her appeal is moot.

*Appeal dismissed.*

*Elizabeth M. Clague* for Sarah Fitzpatrick Mandel.

*Marc E. Mandel*, pro se, submitted a brief.

---

[1] General Laws c. 215, § 23, authorizes "the probate court or a justice of the supreme judicial court" to stay equitable orders and decrees issued in the Probate and Family Court, pending appeal. The statute was enacted before the creation of the Appeals Court in 1972 and must be read in conjunction with G. L. c. 211A, § 10, which confers on the Appeals Court concurrent appellate jurisdiction with this court in all appeals from the Probate Court. Consequently, the reference in G. L. c. 215, § 23, to a "justice of the supreme judicial court," properly understood, should be taken to mean a single justice of the Appeals Court and not, literally, a single justice of only this court. Cf. *Commonwealth* v. *Friend*, 393 Mass. 310, 311-314 (1984).